State Board of Examiners for Architects and Engineers *et al.* v. Standard Engineering Company *et al.*\*

(*Nashville.* December Term, 1927.)

Opinion filed June 16, 1928.

1. ARCHITECTS. ENGINEERS. BOARD OF EXAMINERS. PLUMBERS.

One who advertises himself as an engineer by "sign, advertisement, letterhead, card" must be construed to practice (or offer to practice) engineering, as defined by the Act of the Legislature and the amendment thereto, creating the State Board of Architecture and Engineering Examiners, and defining its powers and jurisdiction and making it unlawful to pursue such calling except in conformity with the provisions of said Acts, even though they are licensed plumbers and do only such work as plumbers ordinarily undertake. (Post, p. 161.)

Citing: Acts 1921; ch. 167; Acts 1925, ch. 70.

2. LEGISLATIVE ACT. AMENDMENT. BODY NOT BROADER THAN CAPTION. NOT UNCONSTITUTIONAL.

An Act amending a former Act of the Legislature which has a caption setting out in full the caption of the former Act, and providing for the amendment of said former Act "so as to remove any limitation arising from the use of the word 'structural' in the caption and body of said Act, and so as to make certain other alterations in the original Act," is not in contravention of the Constitution because the body of said amendatory Act also contains a definition of who shall be construed as practicing or offering to practice, architecture or engineering. (Post, p. 161.)

Citing: Acts 1925, ch. 70; Constitution of Tennessee, Art. 2, sec. 17.

Distinguishing: Hays v. Federal Chemical Co., 151 Tenn. (24 Thomp.) 169.

3. LEGISLATIVE ACT NOT UNCONSTITUTIONAL BECAUSE BODY BROADER THAN CAPTION.

A legislative Act containing the caption "An Act providing for the creation and establishment for the State of Tennessee of a State Board of Architecture and Engineering Examiners; the appointment and qualification of the members and the organization and jurisdiction thereof; for the purpose of safeguarding life, health and property, of promoting welfare through educational development of applied art to structural work; prescription of the duties of and the grant of powers to said Board to regulate the practice of architecture and engineering in the State of Tennessee; to fix the standards for qualification for the practice thereof; to regulate the practice thereof within the State of Tennessee; to authorize the collection and expenditure of fees for the purposes of this Act, and to make all such legal rules and regulations necessary and proper to carry out the purposes of this Act and providing penalties for the violation of this Act," is general in its scope and is not unconstitutional because it forbids the State, any county, town, city, village or other political subdivision of the State from engaging in the construction of any public work involving architecture or engineering, the plans of which have not been made by a registered architect or engineer, such provision, doubtless being inserted to avoid the force of the rule that law is not made for the sovereign, and that the government and its subdivisions are not ordinarily included within legislative enactments.   (Post, p. 163.)

Citing: Acts 1921, ch. 167, sec. 15; Constitution of Tennessee, Art. 2, sec. 17; Railroad v. Mayor & Aldermen of Union City, 137 Tenn. (10 Thomp.), 491; Mayor & Aldermen of Morristown v. Hamblen County, 136 Tenn. (9 Thomp.), 242.

4. ARCHITECTS. ENGINEERS. REGULATION. TAXATION.

It is well settled in other jurisdictions that the practice of architecture is subject to regulation, and this Court has declared that the practice of architecture might be made a taxable privilege, and it therefore follows that such pursuit is subject to regulation.   (Post, p. 164.)

Citing: Klafter v. State Board, 259 Ill., 15, Anno. Cas. 1914B, 1221; People v. Lower, 251 Ill., 257, 36 L. R. A. (N. S.), 1203; Burke v. Memphis, 94 Tenn. (10 Pick.), 692.

5. ARCHITECTS.   ENGINEERS.   LEGISLATIVE POWER TO REGULATE.

The Legislature having the power to regulate the practice of architecture and engineering in the interest of the public safety may deny to all except those qualified the right to advertise as architects or engineers.  Those who invite the confidence of the public upon the theory that they are architects or engineers may be compelled to submit to such regulations as will guard the public against misapprehension.  (Post, p. 164.)

Citing:  State v. Mill Co., 123 Tenn. (15 Cates), 399; Kirk v. State, 126 Tenn. (18 Cates), 7; Purity Extract Co. v. Lynch, 226 U. S., 192, 57 L. Ed., 184.

6. ARCHITECTS.  ENGINEERS.  PLUMBERS.  DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW.  REGULATION UNDER POLICE POWER OF THE STATE.

The defendants here are not deprived of their property without due process of law.  They are not denied the right to continue their business if they continue it under a name not calculated to mislead the public.  They are not even deprived of their trade name if they see fit to qualify to practice engineering under the statutory provisions.  If, however, the practical effect of the decision is to deprive them of their trade name, it is but a loss incident to a valid exercise of the police power of the State.  (Post, p. 165.)

---

*Headnotes 1. Licenses, 37 C. J., section 73; 2. Statutes, 36 Cyc., p. 1045; 3. ———; 4. Architecture, 5 C. J., section 3; 5. Licenses, 37 C. J., section 13; 6. Licenses, 37 C. J., section 59.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County. —Hon. John R. Aust, Chancellor.

W. E. Norvell and Levine & Levine, for appellee.

JOHN H. LECHLEITER, for appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendants hereto are licensed plumbers doing business in Nashville and a controversy has arisen between them and the complainants as to whether the defendants are subject to the requirements of the Statutes regulating the practice of architecture and engineering in Tennessee, and as to the validity of those Statutes. Complainants, therefore, brought this suit under the Declaratory Judgments Act, Chapter 29 of the Acts of 1923, to obtain a declaration in the premises. The Chancellor was of opinion that defendants were amenable to the provisions of the Statutes referred to and that said Statutes were valid.

Chapter 167, of the Acts of 1921, created a State Board of Architecture and Engineering Examiners, defined the jurisdiction and powers of said Board, prescribed standards and qualifications for the practice of Architecture and Engineering, and made it unlawful to pursue such callings except in conformity to the provisions of said Act—all, as stated in the caption and repeated in the body of the Act, "for the purpose of safeguarding life, health and property, of promoting welfare through educational development of applied art to structural work."

Chapter 70, of the Acts of 1925, as indicated in the title, undertook to amend Chapter 167 of the Acts of 1921, "so as to remove any limitation arising from the use of the word 'structural' in the caption and body of said Act (Chapter 167, Acts of 1921), and so as to make certain other alterations in the original Act."

Among other things, in Section 18 of Chapter 70 of the Acts of 1925, it was provided:

". . . A person shall be construed to practice (or offer to practice) engineering or architecture who, by verbal claim, sign, advertisement, letterhead, card or in any other way, represents himself to be an architect or engineer, with or without qualifying adjective, or through the use of some other title implies that he is an architect or engineer."

(1) The first contention of the defendants is that they are licensed plumbers, and that they do only such work as plumbers ordinarily undertake. They, therefore, insist that their business is not within the scope of the Statutes mentioned; that they do not practice, nor offer to practice architecture or engineering. However, defendants concede that they have for a number of years been operating under the name of "Standard Engineering Company." It is also conceded that upon the stationery used by defendants in their business is printed "Engineers and Contractors for Plumbing, Heating and Ventilating Systems, Power Plant Equipments."

Clearly, therefore, the business of defendants as conducted falls under the quoted provision of Section 18 of Chapter 70 of the Acts of 1925. They do by "sign, advertisement, letterhead, card" represent themselves to be engineers. They, therefore, must "be construed to practice (or offer to practice) engineering."

(2) It is further submitted by the defendants that Chapter 70 of the Acts of 1925 is invalid and in contravention of Section 17 of Article 2 of the Constitution in that it contains matter not embraced within its caption nor within the caption of the original Act (Chapter 167 of the Acts of 1921), which it undertook to amend. The caption of Chapter 70 of the Acts of 1925 is as follows:

"'A bill to be entitled an Act to amend Chapter 167 of the Acts of 1921 entitled 'An Act providing for the creation and establishment for the State of Tennessee of a State Board of Architecture and Engineering 'Examiners; the appointment and qualification of the members and the organization and jurisdiction thereof; for the purpose of safe-guarding life, health and property, of promoting welfare through educational development of applied art to structural work; prescription of the duties of and the grant of powers to said Board to regulate the practice of architecture and engineering in the State of Tennessee; to fix the standards for qualification for the practice thereof; to regulate the practice thereof within the State of Tennessee; to authorize the collection and expenditure of fees for the purposes of this Act, and to make all such legal rules and regulations necessary and proper to carry out the purposes of this Act and providing penalties for the violation of this Act,' so as to remove any limitation arising from the use of the word 'structural' in the caption and body of said Act, and so as to make certain other alterations in the original Act."

It is argued that the provision of Section 18, heretofore quoted, declaring what shall be construed as the practice of architecture or engineering is not fairly embraced within this caption.

We think the provision criticized is embraced within the caption of the original Act set out in the caption of the amended Act as above. The caption of the original Act indicates that it is an Act "to regulate the practice" of architecture and engineering within the State of Tennessee. To define the practice of architecture and engineering, as is done in the amended Act, is nothing but a regulation of the practice of those professions.

It will be observed that the caption of the amended Act does not propose a specific amendment alone. It does not merely propose to amend the original Act "so as to remove any limitation arising from the use of the word 'structural' in the caption and body of said Act." It proposes to amend the original Act not alone in that particular, but "so as to make certain other alterations in the original Act." For this reason *Hays* v. *Federal Chemical Co.*, 151 Tenn., 169, which confined the body of an amendatory Act specifying the amendments to be made to the amendments indicated is not in point.

(3) It is also maintained by the defendants that the provision of Section 15 of the original Act forbidding the State or any township, county, city, town, village or other political subdivision of the State from engaging in the construction of any public work involving architecture or engineering, the plans for which have not been made by a registered architect or engineer—it is maintained that this provision is beyond the caption of the original Act. We do not think so. The caption of the Act indicates that it is to be universal in its application. That plans for all work must be drawn by registered architects and engineers. The provision noted was doubtless inserted to avoid the force of the rule that law is not made for the sovereign, and that the government and its subdivisions are not ordinarily included within legislative enactments. See *Railroad* v. *Mayor & Aldermen of Union City*, 137 Tenn., 491; *Mayor & Aldermen of Morristown* v. *Hamblen Co.*, 136 Tenn., 242. In other words, since the public safety is as much concerned with defective State and municipal buildings and works, as it is with private buildings and works, the language criticized was inserted in the Statute to make its scope general beyond question.

*(4)* We gather from the brief of counsel for defendants that there is no denial, on their part, of the power of the State to regulate the pursuit of occupations which directly concern the public safety or welfare, and to limit the pursuit of such occupations to those persons found by an examining Board or otherwise. to possess the requisite knowledge and skill. It is well settled in other jurisdictions that the practice of architecture is subject to such regulations. *Klafter* v. *State Board,* 259 Ill., 15, Anno. Cas. 1914B, 1221; *People* v. *Lower,* 251 Ill., 257, 36 L. R. A. (N. S.), 1203. The two cases just cited are fully annotated in the Selected Series Reports indicated and many decisions in accord there collected. This Court declared in *Burke* v. *Memphis,* 94 Tenn., 692, that the practice of architecture might be made a taxable privilege and it, therefore, follows that such pursuit is subject to regulation.

*(5)* While it is doubtless true that the defendants have not undertaken to practice architecture or engineering strictly speaking, and they might pursue their business, as they have in the past, without endangering the public safety or welfare, nevertheless they have seen proper to advertise themselves as engineers. This is prohibited by law unless they are in fact engineers. It is not to be controverted that acts innocent in themselves may, to prevent fraud and deception, be forbidden. The Legislature having the power to regulate the practice of architecture and engineering in the interest of the public safety may deny to all except those qualified the right to advertise as architects or engineers. Those who invite the confidence of the public upon the theory that they are architects or engineers may be compelled to submit to such regulations as will guard the public against misapprehension. *State* v. *Mill Co.,* 123 Tenn. (15 Cates),

399; *Kirk* v. *The State,* 126 Tenn. (18 Cates), 7; *Purity Extract Co.* v. *Lynch,* 226 U. S., 192, 57 L. Ed., 184.

*(6)* The defendants here are not deprived of their property without due process of law. They are not denied the right to continue their business if they continue it under a name not calculated to mislead the public. They are not even deprived of their trade name if they see fit to qualify to practice engineering under the statutory provisions. If, however, the practical effect of the decision is to deprive them of their trade name, it is but a loss incident to a valid exercise of the police power of the State.

It results that we concur in the declaration herein made by the Chancellor, and his decree will be affirmed.