LEWIS *v.* MICHIGAN STATE BOARD OF DENTISTRY.

1. PHYSICIANS AND SURGEONS—REGULATION OF DENTISTRY.

The State has power to regulate in a reasonable way the practice of dentistry and to prescribe the qualifications of those who engage in its practice (Act No. 235, Pub. Acts 1933).

2. SAME—DENTISTRY—LICENSES—NAMES—CONSTITUTIONAL LAW.

Statutory requirement that dentist shall not practice his profession in this State under any name other than that under which his license was granted *held*, neither arbitrary nor unreasonable since it is reasonably suited to the requirements of proper supervision of the practice of the profession and to providing prospective patients with pertinent information (U. S. Const. Am. 14; Mich. Const. 1908, art. 2, § 16; Act No. 235, §§ 14, 15, Pub. Acts 1933).

3. SAME—DENTISTRY—ASSUMED NAMES.

Practice of dentistry under assumed or fictitious names, such as "Peerless Dentists," "Red Cross Dentists," "Dr. Doe's *Practical* Dentists," or "Dr. Doe's *Modern* Dentists," *held,* clearly forbidden by statute regulating the practice of such profession (Act No. 235, §§ 14, 15, Pub. Acts 1933).

4. SAME—DENTISTS—LICENSES—NAMES.

Inclusion of exact name of dentist, as embodied in his license, in name under which he carries on his professional work *held,* essential to full compliance with statute regulating practice of dentistry (Act No. 235, §§ 14, 15, Pub. Acts 1933).

5. SAME—DENTISTRY—STATUTES—NAMES.

While statute regulating practice of dentistry forbids practitioner's use of false or assumed words as part of the business name, such appended words as "dentists," "associates," "employees," or the like, as do not convey a false impression or mislead the public are proper, since they tend to accuracy and to be informative rather than deceptive (Act No. 235, §§ 14, 15, Pub. Acts 1933).

6. SAME—DENTISTRY—NAMES—REGULATION.

Since a dentist enters upon the practice of his profession knowing it is subject to reasonable regulation by the State, he has no right to use, or by reference to continue to make use of, a type of business title which, in the exercise of reasonable regulation, the State has forbidden (Act No. 235, §§ 14, 15, Pub. Acts 1933).

7. SAME—NO VESTED RIGHT TO PRACTICE DENTISTRY.

No person, no matter how long he may have been in the practice of his profession, has a vested right to practice dentistry in this State.

8. SAME—DENTISTRY—REGULATION UNDER POLICE POWER.

The practice of dentistry is subject to regulation under the police power of the State and any reasonable condition or requirement may be imposed by the State upon those engaged in that profession.

9. INJUNCTION—CONSTITUTIONAL LAW—CRIMINAL LAW.

Equity has jurisdiction, in case irreparable injury is threatened, to enjoin enforcement of such penal provisions as are contained in the statute regulating the practice of dentistry, claimed by practicing dentists to be unconstitutional (Act No. 235, Pub. Acts 1933).

10. APPEAL AND ERROR—REMAND—FURTHER PROCEDURE.

On appeal from order dismissing bill of 10 dentists to enjoin enforcement of penal provisions of statute regulating use of names under which they are practicing their profession, where record presented renders it impossible to determine whether names under which some of them are practicing comply with the statute or to determine whether defendant State board of dentistry and its members threatened plaintiffs with irreparable loss, cause is remanded to set aside order and to take such further proceedings as may be requisite for final disposition of the cause (Act No. 235, Pub. Acts 1933).

11. SAME—QUESTIONS REVIEWABLE—JOINDER OF PARTIES.

Question of propriety of joinder of suits of 10 dentists against State board of dentistry and its members in one bill of complaint where each has a separate cause of action, if any at all, is not reviewed where neither parties litigant presented such question in either the trial court or Supreme Court.

12. COSTS—EACH PARTY PARTIALLY UNSUCCESSFUL—PUBLIC QUESTION—DENTISTRY.

Costs are not granted to either party in suit by 10 practicing dentists against State board of dentistry and its members to enjoin enforcement of provisions of act regulating use of names under which they practice their profession where neither plaintiffs nor defendants have fully sustained their respective contentions and the question presented is of public interest and of very general interest to the dental profession (Act No. 235, Pub. Acts 1933).

Appeal from Wayne; Miller (Guy A.), J. Submitted June 12, 1936. (Docket No. 83, Calendar No. 38,916.) Decided October 5, 1936.

Bill by Treverton E. Lewis and others against the Michigan State Board of Dentistry and others for an injunction to restrain criminal or other proceedings against plaintiffs and from revoking plaintiffs' licenses to practice dentistry. Bill dismissed. Plaintiffs appeal. Affirmed in part, reversed in part.

*Edward N. Barnard,* for plaintiffs.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd* and *Milton G. Schancupp,* Assistants Attorney General, for defendants.

NORTH, C. J. In this suit there are 10 plaintiffs, each of whom is a dentist licensed to practice in this State. The relief sought is that the defendant State board of dentistry be enjoined from "molesting or disturbing" plaintiffs in their use of their respective

names under which they are practicing dentistry; or from instituting criminal proceedings or proceeding to cancel or suspend the right of plaintiffs to practice dentistry because of the use of the names under which the respective plaintiffs are carrying on the practice of their profession. The hearing was upon bill and answer. The circuit judge dismissed plaintiffs' bill of complaint and they have appealed.

The bill of complaint discloses that plaintiff Raymond H. Dix conducts four dental offices in Detroit and one in Flint, under the name of "Dr. Dix Dentists." Five other plaintiffs use substantially the same modification of their respective names. Plaintiff Treverton E. Lewis does business under the title of "Peerless Dentists." Plaintiff William G. Zieve conducts each of his four offices under the style of "Dr. Zieve's Modern Dentists." The business of plaintiff J. Bain McGilvray, is carried on under the name of "Red Cross Dentists;" and that of plaintiff Gordon B. Sullivan as "Dr. G. B. Sullivan's Practical Dentists."

Each of the plaintiffs has been engaged in the dental profession for a number of years, some of them upwards of 30 years. Each employs "a varying number of * * * registered and licensed" dentists, and each alleges he has established a substantial and valuable business under the name or title he is using.

The practice of dentistry in this State is regulated by Act No. 235, Pub. Acts 1933. By its provisions the practice of dentistry in Michigan is placed "under the supervision of" the Michigan State board of dentistry, composed of seven members. The act forbids the practice of dentistry except by persons duly licensed, prescribes certain regulations, and provides for suspension or revocation of the license and for criminal prosecution of persons whose practice

of dentistry is in violation of prescribed regulations. We quote in part sections 14 and 15 of the act:

"SEC. 14. No corporation shall practice or continue to practice, offer or undertake to practice or hold itself out or continue to hold itself out, as practicing dentistry, except where every person practicing dentistry under a firm name and every person practicing dentistry as an employee of another shall cause his name to be conspicuously displayed and kept in a conspicuous place at the entrance of the place where such practice shall be conducted, and any person who shall neglect to cause his name to be displayed as herein required shall be liable to a penalty of one hundred dollars."

"SEC. 15.   * * *  It shall be unlawful for any person to practice dentristry or to operate or control as proprietor, manager or otherwise any room, office or parlor where dental work is done or contracted for or in any way to advertise the same under any false or assumed name, or under the name of a corporation, company, association, parlor or trade name *or under any name other than that under which his license was granted.*"

The defendant board, acting through its secretary, served written notice on certain of plaintiffs which quoted sections 14 and 15 of the dental act and, following such quotation, stated:

"The Michigan State board of dentistry wishes to inform you that the above provisions must be adhered to, and expect that no later than November 1, 1934, corrections in your practice have been effected. The use of any other name, other than that which appears on your license will be considered a violation of this act. * * * It is also hereby intended that no reference be made to any previous title or name."

It is rather obvious that by this notice the board intentionally conveyed to plaintiffs warning that

parties so notified would be proceeded against as alleged violators of the dental act unless they discontinued carrying on their dental business under any other name than that under which they were respectively licensed.

The power of the State to regulate in a reasonable way the practice of dentistry is not challenged by appellants. But as set forth in their brief appellants urge:

"That section 15 of the dental law, *if construed as the board construes it,* is arbitrary, and unreasonable and therefore violative of the privileges and immunities, equal protection of the law, and due process clauses of the 14th amendment to the Federal Constitution, and of section 16 of article 2 of the State Constitution; * * * that, properly construed, the dental law, particularly section 15, does not prohibit an employing dentist from using the word 'dentists,' after his own name so long as he complies with the provisions of section 14 requiring the employees who are dentists to have their names conspicuously displayed as provided in the act."

In amplification of appellants' contention we also quote from their bill of complaint:

"That in the case of the plaintiffs in which their own names are included as a part of the name under which their respective dental offices are operated, said names are not false nor are they assumed names * * * and they show that the only truthful method of properly informing the public of the fact that other dentists are employed by or associated with them is by the use of such names, for instance, as 'Dr. MacDonald's Dentists,' rather than of 'Dr. MacDonald, Dentist,' and they further show that in so far as said section 15 purports to prohibit plaintiffs from so revealing the truth, said section is therefore arbitrary, unreasonable and oppressive and

therefore in violation of the aforesaid constitutional provisions.''

Concerning the practice of dentistry, and the statutory enactment now under consideration, we said in a recent decision:

''It is a well-known fact that in the profession of dentistry the services rendered are personal and call for knowledge in a high degree and that to separate this knowledge from the power of control is an evil, the correction of which was attempted by the instant legislation. The evils which arise from divorcing the 'power of control' from 'knowledge' apply with equal force to a partnership as well as a corporation. * * * in the practice of a profession such as dentistry which has to do with personal privacy and where the licensee must possess skill and character, we think it is within the police power of a State to control and regulate the ownership and operation by a firm of a dental parlor as well as prescribe the qualifications of those who engage in its practice.'' *People* v. *Carroll,* 274 Mich. 451.

The legislature evidently having in mind the nature of the profession it proposed to regulate undertook to provide conditions essential to regulation, to prevent deception, and to require a definite and accurate announcement to the interested public as to the individual identity of each dentist who was practicing in a dental office. To accomplish this the statute enacted requires, among other things, (1) that every person practicing dentistry as an employee of another shall cause his name to be conspicuously displayed at the entrance of the place where such practice is conducted; and (2) that it shall be unlawful to practice dentistry or to operate a place where dentistry is practiced, by any person ''under

any name other than that under which his license was granted.''

The instant case concerns only alleged noncompliance with the latter of these two statutory requirements and whether this provision is a reasonable regulation of the practice of dentistry.

When properly construed, this latter clause does not impose upon those practicing the profession of dentistry a regulation that is either arbitrary or unreasonable. On the contrary, the provision is reasonably suited to the requirements of proper supervision of the practice of the profession and also incident to providing prospective patients with pertinent information. For example, one would be disinclined to patronize a dental office if it appeared by the name under which the business was carried on, or from the names conspicuously displayed at the entrance of the office that a dentist at whose hands he had received unsatisfactory service was operating in such office. Clearly for this reason it is both competent and proper that the legislature should forbid the carrying on of the profession of dentistry under an assumed or fictitious name, such as ''Peerless Dentists,'' ''Red Cross Dentists,'' ''Dr. G. B. Sullivan's *Practical* Dentists,'' and ''Dr. Zieve's *Modern* Dentists.''

A closer and more difficult question is presented by those of plaintiffs who have been carrying on their profession under such names as ''Dr. J. C. Toole, Dentists,'' ''Dr. J. R. Applegate's Dentists'' or ''Dr. Dix, Dentists.'' We can see no hardship or anything that is arbitrary or unreasonable in requiring one engaged in the profession of dentistry to put into the name under which he carries on his profession, the identical name under which he has

a license to practice. There may be several Smiths or several Browns practicing dentistry in the same community. Obviously for the purpose of supervision, as well as conveying accurate information to prospective patients, it is helpful if not essential, that the exact name of the licensee appear. For that reason the statutory requirement is valid.

We think it follows that it is essential to full compliance with the statute that the exact name of the dentist, as embodied in his license, should be included in the name under which he carries on his professional work. And it is equally plain that the legislature intended to prohibit and has forbidden the use of any word or words as a part of the business name which are either "false" or "assumed." However, it would be too narrow a construction of legislative intent to hold that a name, which otherwise conformed to statutory requirement, because it had affixed thereto some such word as "dentists," "associates," "employees," or the like, was violative of the statutory provision, provided the appended word or words were not such as convey a false impression or mislead the public. But in every case compliance with the statute requires that the name under which the dentist is licensed must be included. It would not be contended that John Doe, a dentist, might not in his practice use the business title "John Doe, Dentist." If he employed other dentists in his office a sign reading "John Doe, Dentists" would tend to accuracy, and be informative rather than deceptive. It would not violate the statute. Further, if John Doe desired to convey to the public that other dentists in his office were his employees and hence under his control as to quality of service, etc., he might well carry on his profession as "John Doe's Dentists." Such designation speaks

the truth.  It is not a false or assumed name, nor a "parlor or trade name," and it accurately discloses the full name under which John Doe was granted his license, hence it must be held to conform to the statutory requirement.

Appellants' assertion of vested rights claimed to have accrued to them from a long-established professional business and the expenditure of large sums of money in its development, cannot be sustained. A dentist enters upon the practice of his profession knowing it is subject to reasonable regulation by the State.  He has no right to use, or by reference to continue to make use of, a type of business title which, in its exercise of reasonable regulation, the State has forbidden.

"And in that case (*People* v. *Phippin,* 70 Mich. 6) it was substantially held that no person, no matter how long he had been in the practice of his profession, had a vested right to practice medicine in Michigan."  *People* v. *Moorman,* 86 Mich. 433.

"The practice of medicine is subject to regulation under the police power of the State, and any reasonable condition or requirement may be imposed by the State upon those engaged in that profession."  *People* v. *Cramer* (syllabus), 247 Mich. 127.

Both in the circuit court and in this court the defendants have urged that the equity court has no jurisdiction to grant plaintiffs the injunctive relief sought; but instead that each of plaintiffs has an adequate remedy at law by urging as a defense his present contentions in event of legal proceedings being instituted against him.  On this ground appellees assert the circuit judge's dismissal of the bill of complaint should be affirmed.  We are not in accord with this contention.  The situation with

which these plaintiffs were confronted threatened them with irreparable injury. The instant case falls within *Michigan Salt Works* v. *Baird,* 173 Mich. 655.

As to some of plaintiffs it is not possible from the record in this case to determine whether the names under which they are carrying on their profession comply with the requirements of the statute as here construed. Nor under the pleadings can it be determined by this court whether plaintiffs, as in effect is alleged in paragraph 5 of their bill of complaint, were threatened by defendants with irreparable loss. By defendants' answer this allegation in plaintiffs' bill of complaint is both admitted and denied. The case must be remanded to the circuit court with direction to set aside the order dismissing plaintiffs' bill of complaint, and to take such further proceedings therein as may be requisite for final disposition of the cause.

We do not review the propriety of the practice and procedure tolerated in this case under which these 10 plaintiffs, each having a separate cause of action, if any at all, have joined their suits in one bill of complaint. The parties litigant have not presented this question in either court.

On this appeal neither plaintiffs nor defendants have fully sustained their respective contentions. The question presented is of public interest and of very general interest to the dental profession. For these reasons costs on this appeal will not be granted to either party.

FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.