TOOLE v. MICHIGAN STATE BOARD OF DENTISTRY.

1. OFFICERS—DISCRETION—RULES AND REGULATIONS.

The legislature may confer authority on an administrative officer or board to make rules, within limits defined in the law, as to details, to find facts and to exercise some discretion in the administration of a statute.

2. SAME—RULES AND REGULATIONS—PRESUMPTIONS—CONSTITUTIONAL LAW.

It is not to be presumed that an administrative board or officer who has been empowered to adopt rules and regulations for the practice of a profession will adopt any that do not meet the test of constitutionality.

3. PHYSICIANS AND SURGEONS—DENTISTS—RULES AND REGULATIONS—CONSTITUTIONAL LAW.

Regulation of the practice of dentistry is an exercise of the police power, and if within the constitutional field, the power of the legislature is supreme.

4. OFFICERS—RULES AND REGULATIONS—VALIDITY.

> Regulations of an administrative board are valid so long as they are not unreasonable and arbitrary but if any doubt exists as to their invalidity they must be upheld.

5. PHYSICIANS AND SURGEONS—DENTISTS—FEE-SPLITTING.

> While the practice of dentistry by corporations is prohibited by statute, such practice by partnerships is not prohibited either by statute or by State board of dentistry's rule prohibiting the splitting of fees by one or a group of individuals engaged in such practice with any other dentist or layman (Act No. 122, § 15, Pub. Acts 1939; State Board of Dentistry Rule No. 1).

6. SAME—DENTISTS—RULES AND REGULATIONS—FEE-SPLITTING.

> Rule of State board of dentistry prohibiting the splitting of fees by one or a group of individuals engaged in such practice with any other dentist or layman is not counter to the purposes of the statute regulating the practice of dentistry (Act No. 122, Pub. Acts 1939; State Board of Dentistry Rule No. 1).

7. SAME—DENTISTS—RULES AND REGULATIONS—SIZE AND NUMBER OF SIGNS.

> Rule of State board of dentistry setting forth maximum of 300 square inches for dentist's advertising signs and limiting letters to five inches relates to a matter resting in the sound discretion of the board and within the power granted by statute and rule restricting a dentist to the use of one sign except that where room or office faces on two streets a single sign is permitted on each street merely prevents a dentist from doing indirectly that which the legislature evidently intended to prevent (Act No. 122, § 17, Pub. Acts 1939; State Board of Dentistry Rules Nos. 2, 3).

8. SAME—DENTISTS—RULES AND REGULATIONS—ILLUMINATION OF ADVERTISING SIGNS.

> Rule of State board of dentistry limiting amount, kind and duration of illumination of a dentist's advertising sign was intended to prevent all-night illumination and is in harmony with the intent and purpose of statute regulating the practice of dentistry but does not prevent him from leaving sign operating if he temporarily leaves his office (Act No. 122, § 17, Pub. Acts 1939; State Board of Dentistry Rule No. 4).

9. SAME—DENTISTS—STATUTES—RULES AND REGULATIONS—PRACTICE IN OFFICE OWNED BY ANOTHER DENTIST.

> Under statute regulating the practice of dentistry which makes it unlawful to "make use of any advertising statements of a

character tending to mislead or deceive the public,'' a rule promulgated by the State board of dentistry prohibiting practice of any dentist in an office where it is indicated that someone else owns and operates the office with the sole exception of a case where a dentist has died and then permitting practice therein for six months only conformed to the intent and purpose of the statute (Act No. 122, § 17, Pub. Acts 1939; State Board of Dentistry Rule No. 5).

10. SAME—DENTISTS—STATUTES—RULES AND REGULATIONS—PROFES-
SIONAL CARD ANNOUNCEMENTS.
Rule of State board of dentistry regulating the maximum size of professional card announcements and size of type thereon properly interpreted provisions of statute relative to advertising in such manner and merely carried out details in administration of the act which established a primary standard for the board (Act No. 122, § 17, Pub. Acts 1939; State Board of Dentistry Rule No. 6).

11. COSTS—PUBLIC QUESTIONS—STATE BOARD OF DENTISTRY RULES.
No costs are allowed in suit to restrain enforcement of certain rules promulgated by the State board of dentistry, a public question being involved (Act No. 122, Pub. Acts 1939; State Board of Dentistry Rules Nos. 1–6).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 18, 1943. (Docket No. 68, Calendar No. 42,403.) Decided October 11, 1943.

Bill by John C. Toole and others against Michigan State Board of Dentistry and others to test the validity of certain rules of defendant board and to restrain defendant board from suspending or revoking plaintiffs' licenses to practice dentistry. Michigan State Dental Society intervened. Decree for defendant. Plaintiffs appeal. Affirmed.

*Edward N. Barnard,* for plaintiffs.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *G. Doug-*

*las Clapperton,* Assistant Attorney General, for defendants.

*Clark,* *Klein, Brucker & Waples,* for intervener.

Sharpe, J. Plaintiffs, as duly licensed and practicing dentists, filed a bill to restrain the Michigan State board of dentistry from enforcing the following rules:

"Rule No. 1: No individual, group of individuals or organization engaged in the practice of dentistry in the State of Michigan, shall split, divide or allocate, either directly or indirectly, with any other dentist, or layman, any fees earned in rendering any dental service, provided that this rule shall not be interpreted to prevent an employer from paying an employee in the regular course of employment.

"Rule No. 2: No dentist shall use a sign employing a background of more than 300 square inches, nor shall the letters thereon be of a size greater than 5 inches.

"Rule No. 3: No dentist shall use more than one outside sign, either projecting or otherwise; provided however, in cases where an office or room faces on two streets, a single outside sign may be used on both streets; and provided further that a dentist may have 1 window sign, using only his name and/or the word 'dentist,' except in cases where the office faces on 2 streets a single window sign may be used on both streets, such signs to employ lettering only; and provided also that a dentist may use his name and may designate his office hours on the entrance door to the building occupied by such dentist.

"Rule No. 4: No dentist shall use illumination on a sign other than of the indirect type or of the type lighted from within and this illumination shall be of no greater intensity than that provided by 100 watts of incandescent lighting or its equivalent; provided further that no colored illumination shall be used

nor shall any exposed luminous tube, nor any flasher, nor any intermittent mechanism be employed; provided also that signs shall not be illuminated except during the time that the dentist or his associates are actually in the dental office and prepared to render service.

"Rule No. 5: No dentist shall practice dentistry in any dental establishment or place where the name or names on the door, window, wall, directory, or any sign whatsoever, shall indicate or tend to indicate that such dental establishment is owned or operated by any person not actually practicing dentistry therein; provided, however, that in the event that the dentist whose name so appears on such window, wall or sign, shall have died, this rule shall not be applicable to any other dentist practicing in such establishment for 6 months immediately following the death.

"Rule No. 6: No dentist shall make use of any announcement through any media, means, agency or device of an advertising nature, other than provided for in paragraph 14, of section 17, and this paragraph shall be interpreted to restrict the size of professional card announcements in newspapers or other similar circulating media to a space equivalent to a 2-inch column in width and 1 inch in length. No shaded or solid background or any other attention-getting device shall be allowed and the type to be used shall not exceed 12-point light face type in size; and provided also that no border shall be used exceeding a single 3-point rule."

The Michigan State Dental Society has intervened as a defendant and has filed a brief in opposition to the relief asked for by plaintiffs.

It is urged by plaintiffs that the above rules adopted by the Michigan State board of dentistry are null and void, because they exceed the power of the board in that some, if authorized by the dental act, are an unlawful delegation of legislative power

and others are an unlawful assumption of power on the part of the board; that rule No. 1 forbidding a splitting, division or allocation of fees by one dentist with any other dentist prevents a partnership in the practice of dentistry; that rule No. 2 relating to the size of signs and letters thereon is in excess of the powers delegated by the statute and an unlawful delegation of legislative power to the board; that rule No. 3 relating to the use of outside signs runs counter to the statute and is an unlawful assumption of legislative power; that rule No. 4 relating to the use of illuminated signs exceeds the provisions of the statute in that it limits the intensity of the lights of the sign and prevents the dentist from leaving a sign operating if he temporarily leaves his office; that rule No. 5 which prohibits a dentist from practicing in any place where any name or sign indicates that the establishment is owned or operated by any person not actually practicing therein is unauthorized and unreasonable in that it prohibits any dentist from taking over the practice of another dentist now in the armed service, when such dentist desires to keep his practice intact until his return from the wars; and that rule No. 6 relating to the size of professional card announcements in newspapers or other similar circulating media is unreasonable and not authorized by section 17 of the dental act.

The trial court held that the Michigan State board of dentistry acted within the scope of its authority in making the above rules and dismissed plaintiffs' bill of complaint. Plaintiffs appeal.

The practice of dentistry in this State is regulated by Act No. 122, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 6780–21 *et seq.*, Stat. Ann. 1942 Cum. Supp. § 14.629 [1] *et seq.*). The act provides that: "The practice of dentistry shall be under the super-

vision of a board to be known as the Michigan State board of dentistry." (section 1) "Said board shall adopt rules and regulations for its own organization and for the practice of dentistry in this State, and for carrying out the provisions of this act, and may amend, modify and repeal said rules and regulations from time to time." (section 2)    Section 17 lists the advertising practices which in the wisdom of the legislature are unlawful.

In *Argo Oil Corp.* v. *Atwood,* 274 Mich. 47, 52, we said:

"It is too well settled to need the citation of supporting authorities that the legislature, within limits defined in the law, may confer authority on an administrative officer or board to make rules as to details, to find facts, and to exercise some discretion, in the administration of a statute.

In *Sullivan* v. *Michigan State Board of Dentistry,* 268 Mich. 427, we said:

"It is not to be presumed that the board will adopt any rules and regulations for the practice of dentistry that do not meet the test of constitutionality."

In *Modern System Dentists, Inc.,* v. *State Board of Dental Examiners,* 216 Wis. 190 (256 N. W. 922), the court said:

"The whole matter of the regulation of the practice of dentistry is an exercise of the police power, and if within the constitutional field, the power of the legislature is supreme."

In considering the questioned rules we have in mind that, as was said in *Johnston* v. *Board of Dental Examiners,* 77 App. D. C. 119 (134 Fed. [2d] 9): "The regulations of the board are valid so long as they are not unreasonable or arbitrary. If any doubt

exists as to their invalidity, they must be upheld."

The claim made against rule No. 1 is that it prevents partnerships in the practice of dentistry. It is to be noted that the act prevents the practice of dentistry by corporations,* but nowhere in the act do we find such practice prohibited by partners, nor do we interpret rule No. 1 as preventing such practice by partners. The rule was aimed at the splitting of fees between dentists or between a dentist and a layman. We do not find the rule running counter to the purposes of the framers of the legislation.

Rules No. 2, 3, and 4 relate to the subject of advertising by a dentist.

Section 17 of the dental act provides that it shall be unlawful to:

"12. Advertise by means of large display signs, or glaring light signs, electric or neon, or such signs containing as part thereof the representation of a tooth, teeth, bridgework, plates of teeth or any portion of the human head, or use specimens of such in display, directing the attention of the public to any such person or persons engaged in the practice of dentistry."

Rule No. 2 prohibits the use of a sign larger than 300 square inches and letters thereon greater than five inches in height.

In *Modern System Dentists, Inc.,* v. *State Board of Dental Examiners, supra,* it was held that a rule prescribing maximum of 600 square inches for a dentist's sign outside of the office building and the maximum size of letters thereon was within the authority of the State board. In our opinion a rule that permits a maximum of 300 square inches is a

---

* See Act No. 122, § 15, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 6780-35, Stat. Ann. 1942 Cum. Supp. § 14.629[15]).—REPORTER.

matter that lies in the sound discretion of the rule-making body and is within the power granted by the statute.

Rule No. 3 prohibits the use of more than one outside sign. We are in accord with the reasoning of the trial judge in upholding this rule:

"Several signs placed in juxtaposition to one another would constitute one large sign, and the regulation dealing with size would be a nullity if it permitted the dentist to accomplish through multiplicity of signs the effect which is denied through a single sign."

In our opinion rule No. 3 prevents a dentist from doing indirectly that which the legislature evidently intended to prevent.

In *Johnston* v. *Board of Dental Examiners, supra,* the court said:

"Appellant urges that the board has no authority to designate the *number* of signs that he may employ, there being no limitation in the act as to number, but only as to size. The board insists that 'size', as used in the act, means 'aggregate size,' else the Congressional provision is ineffectual. We agree that the regulation dealing with size is a nullity if it permits the licensee to accomplish through multiplicious production the effect which is denied to a single display.

"The appellant's remaining attack is against the regulation of the board which limits the size of advertising signs to 144 and 288 square inches, with maximum lettering of 3 inches in height. He urges that two signs of the prescribed size placed on the building outside of his second story office would clearly be ineffective in the light of the congested traffic and other physical conditions existing at that corner. He complains that the regulation makes no distinctions on the basis of the size or locality of the

building, the floor upon which the office is located; or the nature of the obstructions to the view thereof; and that the limitation is arbitrary, with no elasticity or discretion provided.

"The regulations of the board are valid so long as they are not unreasonable or arbitrary. If any doubt exists as to their invalidity, they must be upheld. The precise question is whether the limitation of a dentist's office signs to 144 and 288 square inches, with maximum lettering of 3 inches in height, is clearly an unreasonable restriction under the terms of the act. * * *

"Bearing in mind the purpose of the act to maintain high professional standards and to eliminate 'bait advertising' as a means of competition, we cannot but deem the dimensional delimitations upon dental displays to be reasonable. The law demands simplicity and reserve; the regulations of the board merely insure that these will be maintained. * * *

"The more information placed on the sign, the smaller the lettering. The purpose of the act, however, was to reduce professional lettering to modest proportions. Clearly, two window signs, or two signs flush with the building, of 288 square inches each (maximum letters 3 inches in height), are adequate for this purpose. * * *

"There is nothing in the act to indicate that the board must consider each licensee separately in respect of the location of his office building, his office floors, local traffic conditions, et cetera. It is apparent that had Congress inflicted upon the board the task of determining the size of each individual advertisement, based upon the particular location of and the conditions surrounding an office, it would have been stated in clear terms."

Rule No. 4 deals with illumination. It is evident that this rule is intended to prevent all-night illumination. We are not in accord with the claim of

plaintiffs that this rule prevents a dentist from leaving the sign operating if he temporarily leaves his office. The legislature has provided that a dentist may not advertise by "glaring light signs, electric or neon." The rule as adopted by the board is in harmony with the intent and purpose of the act.

It is urged that rule No. 5 prohibits the practice of any dentist in an office where it is indicated, by sign or otherwise, that someone else owns and operates the office, with the sole exception of a case where a dentist has died in which case his practice may be carried on for a period of six months under his name. The purpose of this rule is not only to prohibit the practice of dentistry by any person whose name is not displayed on the office door or window, but also to assure the public that the person whose name is so displayed is a practicing dentist in that particular location. The act provides that it shall be unlawful to "make use of any advertising statements of a character tending to mislead or deceive the public." (Section 17, subsection 1.) It is evident that the rule was adopted to carry out this provision of the act. In our opinion, the rule conforms to the intent and purpose of this part of the act.

Rule No. 6 regulates the size of professional card announcements. The act provides that dentists may make certain newspaper announcements. In our opinion, the rule is a sound interpretation of that which the act permits and, as such, is not contrary to the necessary implications of the statute. In our opinion, it was the intent of the legislature to establish the primary standard for the rule-making body to follow. The board has merely carried out the details in the administration of the act.

We find no sound basis for disturbing the rules adopted by the board. The decree of the trial court is affirmed, but without costs as a public question is involved.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., concurred in the result.