HALL, Judge.
The Louisiana State Board of Registration for Professional Engineers and Land Surveyors, a State Board organized and existing by virtue of the provisions of LSA-R.S. 37:681 et seq. brought this action against Herman J. Young, doing business as “Air-Flo Engineering Co.”, seeking to enjoin him from offering to practice professional engineering and from using the word “engineer” or “engineering” in his trade name and advertisements unless and until he has fully complied with the provisions of the laws of the State of Louisiana, particularly LSA-R.S. 37:681 et seq. regarding the practice and/or offer to practice professional engineering.
Defendant filed an exception of no right or cause of action to plaintiff’s petition and on the same date filed an answer denying any violation of the law and coupled with it a plea of estoppel.
Following argument on the exception and trial on the merits the District Judge rendered judgment on October 21, 1968 overruling the exception and the plea of estoppel and granted plaintiff “ * * * a permanent injunction prohibiting said defendant or his agents from using or advertising in any manner the trade name ‘Air-Flo Engineering Co.’, or any other name with the words ‘engineer’ or ‘engineering’ in them, after December 31, 1968 ‡ ‡
Defendant prosecutes this suspensive appeal from that judgment.
Plaintiff Board is charged with the duty of seeing that the provisions of LSA-R.S. 37:681 et seq. are enforced. Pertinent provisions of the statute are as follows:
“§ 681.
“ * * * it shall be unlawful:
“(1) For any person to practice or to offer to practice in this state, engineering or land surveying, as defined in this Chapter, or to use in connection with his name or otherwise assume, use or advertise any title or description tending to convey the impression that he is a professional engineer or a land surveyor, unless such person has been duly registered under the provisions of this Chapter. * *' *” LSA-R.S. 37:681.
*439 “§ 682. Definitions
“The following words and phrases when used in this Chapter shall have the following meaning, unless the context clearly requires otherwise:
“(1) ‘Engineer’ shall mean a ‘professional engineer’ as hereinafter defined.
“(2) ‘Professional engineer’ shall mean a person who, by reason of his special knowledge of the mathematical and physical sciences and the principles and methods of engineering analysis and design, acquired by professional education and practical experience, is qualified to practice engineering as hereinafter defined, as attested by his legal registration as a professional engineer.
«(3) * * *
“A person shall be construed to practice or offer to practice engineering, who practices any branch of the profession of engineering; or who, by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be a professional engineer; or who represents himself as able to perform any engineering service or work or any other professional service designated by the practitioner or recognized by educational authorities as engineering. The practice of engineering shall not include the work ordinarily performed by a person who himself operates or maintains machinery or equipment.” LSA-R.S. 37:682.
Defendant’s exception of no right or cause of action and his plea of estoppel are both based upon an opinion of the Attorney General dated September 23, 1954 declaring defendant’s use of the trade name “Air-Flo Engineering Co.” was not a violation of the statute. The opinion was rendered pursuant to an agreement between the parties to submit the question to the Attorney General and to abide by his decision. However in an opinion rendered on March 16, 1964 the Attorney General in dealing with a similar situation reversed his former opinion and held that the use of the word “engineers” or “engineering” in the title of a firm, corporation or partnership without modifying words to indicate that professional engineering is not within the business conducted would constitute a violation of the statute in that it would involve an offer to practice professional engineering.
The District Judge overruled the exception and plea of estoppel stating: “ * * * Generally, state boards and officials are required to follow the Attorney General’s opinions until they are overruled in some manner. In this case he has reversed his opinion and the Board is required to follow its duties under the act. The exception and plea must therefore be overruled.”
Since defendant has neither briefed nor argued his exception and plea of estoppel in this Court we consider them as having been abandoned.
The record reveals that since about the year 1948 defendant has engaged in the business of a contractor and dealer in the field of central air conditioning and heating. He is not a professional engineer and there is no evidence whatever that he has ever engaged in any manner in the field of professional engineering. He has not done any of the work of a professional engineer nor has he ever offered to act as such.
However he conducts his operation under the trade name “Air-Flo Engineering Co.” and maintains a display advertisement in the yellow pages of the New Orleans Telephone Directory which reads in part as follows:
“AIR-FLO ENGINEERING CO.
Our experience, your assurance CENTRAL AIR CONDITIONING & HEATING
‡ ‡ »
The sole question presented for our consideration is whether defendant’s use of the word “engineering” in his trade name and his advertisement violates the provisions of the regulatory statute.
*440 We gather from the record that the bulk of defendant’s business consists in the sale and installation of central air-conditioning systems in small residences. While such installations may in most cases be accomplished by following the manufacturer’s instructions and do not require professional engineering services, the planning and installation of large central air-conditioning systems does require professional engineering services. It is noted that defendant while calling himself an engineering firm does not in any manner limit his offer of services.
Neither does defendant in our opinion use any modifying or explanatory words in his trade name which would negative the inference of the practice of professional engineering. Defendant argues that the use of the word “Air-Flo” in his trade name, “Air-Flo Engineering Co.” modifies the word “engineering” and effectively shows that defendant is not holding himself out as a professional engineer, particularly since the word “Air-Flo” is used in stead of “Air-Flow”. In our opinion the use of the word “Air-Flo” in defendant’s trade name is not such a modification of the word “engineering” as would negative the inference that he is engaged in professional engineering. “Air-Flo Engineering Co.” connotes to us a firm of professional engineers specializing in air-conditioning.
It is clear to us that defendant is using in connection with his name and is advertising a title which tends to convey the impression that he is a professional engineer. This is a violation of the provisions of LSA-R.S. 37:681 and tends to deceive the public regardless of defendant’s intention in that respect.
For the foregoing reasons the judgment appealed from is affirmed; costs of both Courts to be borne by defendant-appellant.
Affirmed.