STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS, Appellant,

v.

WICHITA ENGINEERING COMPANY, Appellee.

No. 17458.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 28, 1973.

Rehearing Denied Feb. 1, 1974.

John L. Hill, Atty. Gen., of Texas, and John Reeves, Asst. Atty. Gen., Austin, for appellant.

Fillmore, Parish, Martin, Kramer & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellee.

Stayton, Maloney, Hearne, Babb & Cowden, and Charles M. Babb, Austin, amicus curiae.

## OPINION

LANGDON, Justice.

Appellant sued to enjoin appellee's continued use of the word "engineering" in its corporate name. Both parties filed motions for summary judgment. Appellant's motion was denied and appellee's motion granted. This appeal is from the trial court's judgment based upon two points urging error on the part of the court in granting the appellee's motion for summary judgment and in refusing to grant appellant's motion.

We reverse and render.

The statement of the case taken from the briefs of the parties is summarized below.

1. The appellee is a Texas business corporation. It received its charter in 1937 under the corporate name "Wichita Engineering Company." It has done business continuously under that name since 1937.

2. The purpose clause in appellee's articles of incorporation is: "To transact any manufacturing business and to purchase and sell goods, wares and merchandise used for such business."

3. Except for the term "engineering" in its corporate name, appellee has nothing to do with the practice of engineering. It employs no engineers and makes no claim to engineering expertise or services.

4. Appellee openly admits that it is in violation of the Texas Engineering Practice Act and intends to continue in violation unless enjoined.

The appellee seeks to uphold the judgment of the trial court with three constitutional arguments: (1) impairment of contracts; (2) retroactive law; and (3) abuse of the state's police power.

This Court is thus presented with two questions, i. e.:

1. Is Section 18 of the Texas Engineering Practice Act a valid exercise of the State's police powers?

2. Does Section 18 of the Texas Engineering Practice Act violate either Section 16, Article I, of the Texas Constitution, Vernon's Ann.St. or Section 10, Article I, of the United States Constitution?

We find and hold that questions 1 (one) and 2 (two) should. be answered "yes" and "no", respectively.

■ The constitutional rules against impairing contracts and retroactive laws are not absolute and must yield to a state's right to safeguard the public safety and welfare. El Paso v. Simmons, 379 U.S. 497, 85 S.Ct. 577, 13 L.Ed.2d 446 (1964, reh. den.).

■ Unless its invalidity is apparent beyond a reasonable doubt Section 18 of the Texas Engineering Practice Act must be held valid and constitutional. This is so because the Texas Supreme Court has repeatedly held that the constitutionality of a statute must be sustained by the courts unless its invalidity is apparent beyond a reasonable doubt. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424 (1946); State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737, 747 (1960). The rule is well stated in the case of Vernon v. State, 406 S.W.2d 236, 242–243 (Corpus Christi, Tex.Civ. App., 1966, ref., n. r. e.). We find and hold that Section 18 is valid and constitutional under Texas authorities. See also Palmer v. Unauthorized Practice Com. of State Bar, 438 S.W.2d 374 (Houston, Tex. Civ.App., 14th Dist., 1969, no writ hist.).

■ We find and hold that the appellee's argument that Section 18 of the Texas Engineering Practice Act impairs his freedom of contract in striking the word "engineering" from its corporate name is without merit.

■ It is settled law that the retroactive law provision of Art. I, Sec. 16, of the Texas Constitution applies only to rights which have become vested prior to state action. See the Interpretative Commentary, Vol. 1, Vernon's Texas Constitution, p. 373. The general rule as to the authority of states, under their police power, to regulate corporations is stated in 18 Am. Jur.2d, Corporations, Sec. 86.

In Texas the Legislature has reserved the continuing right to regulate all business corporations. The present statute is Art. 9.12 of the Texas Business Corporation Act, V.A.T.S.

The Comment of Bar Committee on Art. 9.12 is found in Vol. 3A, V.A.T.S., p. 418.

■ Wichita Engineering Company was incorporated under that name in 1937,

some twelve years after the Texas legislature enacted Art. 1318, R.C.S. of Texas, in 1925.

We find and hold that Section 18 of the Texas Engineering Practice Act is a valid exercise of the State's police power. Martin v. Wholesome Dairy, Inc., 437 S.W.2d 586, 590–591 (Austin, Tex.Civ.App., 1969, ref., n. r. e.). It has also been said that: ". . . Police power is not static and unchanging. As the affairs of the people and government change and progress, so the police power changes and progresses to meet the needs." City of Breckenridge v. Cozart, 478 S.W.2d 162, 165 (Eastland, Tex.Civ.App., 1972, ref., n. r. e.). See also City of Coleman v. Rhone, 222 S.W.2d 646, 648–650 (Eastland, Tex.Civ.App., 1949, ref.) and Neal v. Boog-Scott, 247 S.W. 689, 692 (Beaumont, Tex.Civ.App., 1923, no writ hist.) to the same effect.

■ We agree with appellant that the use by a company or corporation of the word "engineering" in its name constitutes a representation or holding out to the public that the company or corporation is legally qualified to engage in the practice of engineering. State Board of Examiners, etc. v. Standard Engineer. Co., 157 Tenn. 157, 7 S.W.2d 47 (1928). See also Louisiana State Bd. of R. for Pro. Eng. & L. Surv. v. Young, 223 So.2d 437 (La.Ct. of App., 1969).

The foregoing authorities would preclude appellee's use of the term "engineering" as one "which in any manner whatsoever tends or is likely to create any impression with the public or any member thereof" that appellee is a licensed engineer, as expressly proscribed by Section 1.2(3) of the Act. See Tackett v. State Board of Registration for Pro. Eng., 466 S.W.2d 332, 335 (Corpus Christi, Tex.Civ.App., 1971, no writ hist.).

The Tackett case, in construing the provisions of Sec. 18 under substantially identical facts as the instant case, held that the

Board was entitled to enjoin the use of the term "engineering" in the name under which a business was operated unless such business first complied with the Engineering Act, and sustained the Board's motion for summary judgment. See also Lewis v. Michigan State Board of Dentistry, 277 Mich. 334, 269 N.W. 194 (1936); and Toole v. Michigan State Board of Dentistry, 306 Mich. 527, 11 N.W.2d 229 (1943).

■ Since it is undisputed that appellee is in violation of the provisions of Section 18 of Article 3271a, Vernon's Civil Statutes, the appellant is entitled to the injunctive relief sought by it.

The judgment of the trial court is reversed. Judgment is here rendered for appellant granting its motion for summary judgment enjoining the appellee's continued use of the word "engineering" in its corporate name.

MASSEY, C. J., dissents.

MASSEY, Chief Justice (dissenting).

The majority opinion will require the appellee to either change its name or hire an engineer.

While I concur with the majority that enjoinder of the appellee in respect to its present name would be proper I cannot agree that the language of the opinion go so far as to indicate that the court believes that there should be prohibition (as the Act provides) of any use of the term "engineering" in the name of any company or business under any circumstances. I fear the holding of the majority is subject to that construction.

The spirit and intent of the rule prescribed by Section 18 of the Texas Engineering Practice Act is to protect the public by eliminating the possibility that the corporate name mislead by indication that engineering services are provided. The letter of the rule would inhibit a business establishment which provides equipment to

engineers themselves from using a name such as "Acme Engineering Equipment" or "Omega Engineering Supplies".

Where the reason for the rule would not exist I would hold that the rule itself is inoperative and improper to be applied, and to that end I would construe the statute's force and effect.