KEMPF, Respondent, v. JOINT SCHOOL DISTRICT No. 3, TOWN OF FREDONIA, OZAUKEE COUNTY, Appellant.

*December 3, 1958—January 2, 1959.*

For the appellant there was a brief by *Runkel & Runkel* of Port Washington, and oral argument by *Paul D. Runkel.*

For the respondent there was a brief by *Grady & Grady* of Port Washington, and oral argument by *Stuart G. Grady* and *Warren A. Grady.*

Brown, J.    Sec. 101.31 (7), Stats., prohibits the practice of architecture by a person not registered as an architect. The statute permits a firm, corporation, or partnership or joint

stock association to practice architecture when a nonregistered architect is associated with a registered architect who has responsible direction of the architectural work. In this instance the term "firm" means a business association although it is not otherwise properly described as a partnership, corporation, or joint stock association. Here the proffered contract was in the name of Schroeder, architect, and plaintiff Kempf, designer. We consider this enterprise to be one conducted by a "firm" but we seriously doubt that Kempf, not the firm, can then sue as an individual to collect the fee without any further recognition of any rights of such "firm." The pleadings show Kempf to be the sole plaintiff and in Kempf's testimony it appears only that Kempf paid Schroeder for checking Kempf's work.

At any rate, if a firm practices architecture ". . . Any and all plans, . . . and specifications shall carry the signature of the registered architect. . . ." Sec. 101.31 (7) (a), Stats. "If the signature of any person is required by law it shall always be the handwriting of such person or if he is unable to write, his mark or his name written by some person at his request and in his presence." Sec. 370.01 (38), Stats. 1953, now sec. 990.01 (38). Such a signature is completely lacking.

Furthermore, to engage in the practice of architecture as a firm, partnership, or corporation, the registered architects in such organization must have the majority interest in the firm, partnership, corporation, or joint stock association. Sec. 101.31 (7) (b), Stats. Kempf testified that Kempf's time and Schroeder's time would be paid for out of the fee, as between themselves, and after such time payments were satisfied the remaining fee would be divided.

The proof does not show that the registered architect is the majority proprietor of the firm. We conclude that the "firm" lacks the statutory requirements for practicing architecture in providing plans and specifications, nor could the

firm's unregistered member, specifically, the plaintiff, then engage in the practice or collect fees for such services.

The judgment does not mention the counterclaim in which the School District attempts to recover the $750 originally paid to Kempf. We infer that the trial court intended to dismiss the counterclaim.

There is no doubt that Kempf performed much work for the district and we may regard the fee already paid as a gratuity which the district cannot recover. Appellant submits that recovery may be had of that which plaintiff obtained illegally. If the transaction was criminal, as counsel says, the district was *particeps criminis*. We will leave them here as we found them.

*By the Court.*—Judgment reversed. Action and counterclaim dismissed.