

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Philip D. Creer, FAIA
Executive Director
Texas Board of Architectural
   Examiners
5555 N. Lamar Boulevard
Building H-117
Austin, Texas    78751

Opinion No. MW-568

Re:    Use    of    the    title,
"Architectural    Engineer"

Dear Mr. Creer:

On behalf of the Texas Board of Architectural Examiners you have asked about the use of the title "Architectural Engineer" by one licensed under article 3721a, V.T.C.S., the Texas Engineering Practice Act, but not under article 249a, V.T.C.S., the Architects Registration Law. You advise that the individual currently "is holding himself out" as an "Architectural Engineer," but do not state that he is practicing architecture. Thus, the issue is whether a person who holds himself out as an "Architectural Engineer" must be licensed as an architect.

The first section of article 249a commands only that "no person shall practice architecture, as herein defined... unless he be a registered architect, as provided by this Act." Prior to 1969, section 10(b) specified, "[n]othing in this Act shall prevent qualified professional engineers from planning and supervising work... but such engineers shall not employ the title 'architect' in any way...." That language no longer appears in the act. Instead, section 10 now reads in pertinent part:

> 10(a). 'Practice of Architecture' shall mean any service or creative work, either public or private, applying the art and science of developing design concepts, planning for functional relationships and intended uses, and establishing the form, appearance, aesthetics, and construction details, for any building or buildings, or environs, to be constructed, enlarged or altered, the proper application of which requires architectural education, training and experience. 'Practice architecture' or 'practicing architecture' shall mean performing or

doing, or offering or attempting to do or perform any service, work, act or thing within the scope of the practice of architecture.

(b). Notwithstanding any other provision of this Act or any rule or regulation of the Board of Architectural Examiners, it is the intent of this Act to acknowledge the necessity of professional inter-relations and cooperation between the professions for the benefit of the public and to achieve the highest standards in design, planning, and building. Therefore, nothing in this Act or any such rule or regulation, heretofore or hereafter adopted, shall be construed or given effect in any manner whatsoever so as to prevent, limit or restrict any professional engineer licensed under the laws of this State from performing any act, service or work within the definition of the practice of professional engineering as defined by the Texas Engineering Practice Act.

. . . .

(h). A firm, partnership, association or corporation, including firms, partnerships, corporations and joint stock associations carrying on the practice of engineering under Section 17 of the Texas Engineering Practice Act, may engage in the practice of architecture and may hold itself out to the public as offering architectural services, provided that the actual practice of architecture on behalf of such firms, partnerships or corporations is carried on, conducted and performed only by architects registered, and licensed in this State.

(i). No firm, partnership, association, or corporation may engage in the practice of architecture, or hold itself out to the public as being engaged in the practice of architecture or use the word 'architect' or 'architecture' in its name in any manner unless all architectural services are rendered by and through persons to whom registration certificates have been duly issued, and which certificates are in full force and effect.

As used above, in our opinion, the word "firm" signifies a business unit or enterprise. See Black's Law Dictionary, 571 (5th Ed. 1979); Webster's Third New International Dictionary of the English Language Unabridged 856 (1961). It is broad enough to include a business operated as a sole proprietorship. See Kempf v. Joint School District No. 3, Town of Fredonia, 94 N.W.2d 172 (Wis. 1959). Cf. Dodson v. Warren Hardware Company, 162 S.W. 952 (Tex. Civ. App. - Amarillo 1913, no writ); City of Madison v. Frank Lloyd Wright Foundation, 122 N.W.2d 409 (Wis. 1963). Section 17 of the Texas Engineering Practice Act, article 3271a, V.T.C.S., referred to in subsection (h) above, permits "firms" and other business organizations to engage in the practice of engineering so long as it is carried on only by registered professional engineers.

There is a difference between furnishing architectural services and performing them. Seaview Hospital v. Medicenters of America, 570 S.W.2d 35 (Tex. Civ. App. - Corpus Christi 1978, no writ). In the absence of facts suggesting that a person neither registered under the statute nor exempt therefrom is performing or rendering architectural services -- that is, practicing architecture -- we cannot say the use here of the term "architectural engineer" violates article 249a, V.T.C.S. You suggest that section 13, the penalty provision, might require a different result. Under section 13, the use alone of the title "architect" is not enough. To violate the provision, a non-exempt person must use the title and pursue the practice or profession of architecture or engage in the profession or business of planning, designing, or supervising the construction of buildings to be erected for other persons. Section 13 has been strictly construed. See Herold v. City of Austin, 310 S.W.2d 368 (Tex. Civ. App. - Austin 1958, writ ref'd n.r.e.); Attorney General Opinion O-3392 (1941). Cf. State Board of Registration for Professional Engineers v. Wichita Engineering Company, 504 S.W.2d 606 (Tex. Civ. App. - Fort Worth 1973, writ ref'd n.r.e.) (use of "engineer"). See generally 7 Tex. Jur. III Architects and Engineers §5, at 78.

You advise that Rule 7.01 promulgated by the Texas Board of Architectural Examiners provides that firms or persons other than those registered by the board may not "employ the title 'Architect' or constructions of the word 'architect' to describe persons or services" and that such persons have no "authority to solicit, offer or execute" architectural services. However, a rule promulgated by the board cannot validly contradict the statute, which specifically allows firms composed of non-registered persons to hold themselves out as offering architectural services. See 2 Tex. Jur. III Administrative Law §16, at 209. Moreover, section 10(b) expressly provides that its terms are to apply "[n]otwithstanding any other provision of this Act or any rule or regulation of the Board of Architectural Examiners." Rule 7.01 cannot control the matter at issue.

## S U M M A R Y

Without more, the use of the title "Architectural Engineer" by one registered under the Texas Engineering Practice Act but not under the Architects Registration Law does not violate article 249a, V.T.C.S.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Bruce Youngblood