This appeal is from a declaratory judgment proceeding in Mobile Circuit Court, in which Tillman, a former fireman of the City of Mobile, sought a declaration of his rights under a local policeman's and fireman's pension fund statute found in the 1964 Acts of Alabama, 1st Special Session, p. 326, approved September 2, 1964. These parties were before this court inTillman v. Sibbles, 292 Ala. 355, 294 So.2d 436 (1974), wherein this court reversed and remanded the case after the trial court had sustained demurrers filed by the defendants. On remand a hearing was held and the trial court ruled that Tillman was not entitled to a pension.
Appellant Tillman was employed by the Mobile Fire Department under the general classification of firefighter from 1957 to 1971. During the twelve years from 1957 to 1969, Tillman was a line fireman, during which time he sustained injury to his left knee on two occasions. After an injury to his knee in 1969, Tillman underwent surgery. At the time of his injury, Tillman was in the job classification of firefighter-driver. Upon returning to work after surgery in 1969, Tillman was given the classification of firefighter-desk operator. This job primarily involved the answering of fire phones, sounding alert gongs, alerting other fire companies, and other sedentary tasks. In October 1969, while still employed as a desk operator, Tillman applied for a pension on the basis of his disability as a result of the bad left knee. This application was denied. In early 1971, another application for pension, based on disability, was filed by Tillman and was appealed through the municipal administrative procedure and, after being denied, Tillman sought relief in the circuit court. *Page 688 
Tillman presented evidence at trial that he has a permanent partial disability of his left leg of 35%, and that he cannot perform the duties of a regular, active firefighter. He also presented testimony that his left knee had an unpredictable tendency to buckle and cause him to fall. The appellees, on the other hand, produced evidence that Tillman was physically capable of performing sedentary work and that his capability was compatible with the job of desk operator.
The findings of the trial court in its final decree included, in part, the following:
 "(1) [U]nder the classified position of Firefighter there are several different grades, two of which are Firefighter-Driver and Firefighter-Desk Operator.
 "(2) Jerry W. Tillman, when he applied for pension, was in the grade within Firefighter classification known as Driver, and in accordance with the law and rules of the Personnel Board was changed to the grade of Desk Operator at the same pay, after claiming to be qualified for pension under Section 13 (a) [set forth later in this opinion] above.
 "(3) [T]he Firefighter grade of Desk Operator can be carried out by a fireman who does not meet all of the physical requirements contained in the job description of Firefighter.
 "(4) [T]he position of Desk Operator is part of the service as described in Section 13 (a), above; and that the court is not reasonably satisfied that Jerry W. Tillman, is unable to perform the duties of Desk Operator."
After a review of the record this court cannot conclude, that the findings of the trial court are without supporting credible evidence or that they are plainly erroneous or manifestly unjust. Thus, under the ore tenus rule, the findings of the trial court are presumed to be correct; and, of particular importance, here, is the finding that Tillman was physically able to perform the duties of desk operator. Martin v. Howard,293 Ala. 36, 299 So.2d 727 (1974); San-Ann Service, Inc. v.Bedingfield, 293 Ala. 469, 305 So.2d 374 (1974); Sterling Oilof Oklahoma, Inc. v. Pack, 291 Ala. 727, 287 So.2d 847 (1973).
Tillman contends that, because there is uncontradicted evidence that he can no longer perform the duties of a line fireman, he is entitled to a pension under the following provision of Section 13 (a), Act No. 243, lst Special Session (1964):
 "If any member of the * * * fire department while in the performance of his duty is found and determined to by physically or mentally permanently disabled for service by reason of such service so as to render his retirement necessary, the Board of Pensions shall make the necessary orders and shall retire such disabled member from service. * * *
[Emphasis added.]
It is Tillman's contention that the terminology, "permanently disabled for service by reason of such service," is ambiguous and subject to two interpretations: one being, that he must be disabled for the performance of any service within the Fire Department; the other being, that he must be disabled from performing the service of "firefighter-driver" which was his designation and the type of service he was engaged in at the time of his injury. It is this latter interpretation that Tillman contends the court should adopt in light of the general rule that pension acts should be construed liberally in favor of the pensioner.
As in all cases in which this court is called upon to interpret a legislative enactment, the underlying consideration is to ascertain and effectuate the intent of the legislature as expressed in the statute. See, e.g., State ex rel. City ofBirmingham v. City of Tarrant City, 294 Ala. 304, 315 So.2d 583
(1975); League of Women Voters v. Renfro, 292 Ala. 128,290 So.2d 167 (1974). In arriving at a determination of legislative intent the entire statute must be examined and, if possible, each section must be given effect. See, e.g., In re Ashworth,291 Ala. 723, 287 So.2d 843 (1974); State ex rel. Moore v.Strickland, 289 Ala. 488, 268 So.2d 766 (1972).
It is this court's conclusion that the legislative intent expressed in Act No. 243, *Page 689 
which is applicable to the facts of this case, is evidenced by the language which immediately follows the emphasized language found in the quoted portion of Section 13 (a) of Act No. 243 heretofore set out in this opinion. This language is "so as torender his retirement necessary." Thus, in order to be eligible for a pension the firefighter must be determined to be physically permanently disabled for service by reason of such service so as to render his retirement necessary.
The phrase, "so as to render his retirement necessary," clearly indicates that the Legislature had in mind that there could be instances, such as in this case, where a fireman might become disabled but not entitled to a pension because the disability would not prevent the performance of other services. The potential for abusive practices under this provision is limited by the applicability of the civil service laws and rules which ensure that under such circumstances the "service" would be lawful.
Thus, Tillman's contention that because he is disabled from performing the duties of firefighter driver he is entitled to a pension, is not persuasive since he is able to carry out the duties of other positions in the Fire Department.
Alternatively, Tillman argues that he is not physically able to perform the duties of desk operator or any other position with a fireman's classification, and hence should be entitled to a pension. As noted earlier, the trial court made a finding contrary to this proposition and from a review of the evidence this court cannot say that this conclusion was plainly erroneous.
No error being shown, the ruling of the trial court is affirmed.
AFFIRMED.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.