JONES, Justice.
This case concerns whether use of the term “engineering” in a business trade name, by a party who is not a registered engineer and who employs no registered engineers, is a per se violation of Tit. 46, § 128(1), et seq., Ala.Code (1973 Supp.) [1], the statute which regulates the engineering profession in this State. The trial Court held that such inclusion was a per se violation and issued an injunction permanently enjoining its use. As modified by this opinion, the judgment below is affirmed.
Martin W. McWhorter, Appellant, is a machinery repairman doing business under the trade name “McWhorter Engineering Company.” While operating under this name, he modifies air compressors which are used iil filling air tanks used by scuba divers ana fire departments. His checking account is listed under his business name; his checks bear this name; and he uses a stamp with this title. Furthermore, he advertizes in the telephone directory “yellow pages” (listed under “Diving” and “Divers’ Equipment & Supplies” — not under “Engineers”) and in Skindiver Magazine using this same trade name. It is uncontested, however, that McWhorter is not now, nor has he ever been, a registered engineer. Moreover, it is stipulated that he has never contended that he was a registered engineer, and has never been engaged in the practice of engineering.
Appellee, the State of Alabama Board of Registration for Professional Engineers and Land Surveyors, first contacted McWhorter about use of the term “engineering” in his trade name in 1963 or 1964. From that time forward, they were in continuous contact. This suit to enjoin use of the allegedly illegal trade name was brought on July 12,1974. Following trial, the Court entered an order finding McWhorter’s use of the term “engineering” in his trade name to be a per se violation of Tit. 46, § 128(1), et seq., Code, and permanently enjoined his future use of the term.
The question presented for review queries whether use of the unmodified term “engineering” in a business trade name, by a non-registrant who does not practice the engineering profession, constitutes a per se violation of Tit. 46, § 128(1), et seq., Code. Because the question concerns a per se violation, a detailed analysis of the particular facts of this case would be irrelevant and, thus, will not be undertaken.
Initially, we must clarify the constitutional basis for regulatory statutes such as these presently under consideration. As is stated in § 128(1), the entire chapter was enacted to protect the public and “safeguard life, health and property.” Therefore, these sections are constitutional on their face because they are legitimate exercises of the State’s police powers. Southern Metal Treating Company, Inc. v. Goodner, 271 Ala. 510, 125 So.2d 268 (1960). See also Goldfarb v. Virginia State Bar, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975); State ex rel. Attorney General v. Spann, 270 Ala. 396, 118 So.2d 740 (1959); 53 C.J.S. Licenses §§ 4, 6; and 59 Va.L.Rev. 1097 (1973).
The principal question before us, then, concerns the interpretation and application of these statutes. As in all cases in which we are called upon to interpret a legislative enactment, the underlying consideration is to ascertain and effectuate the intent of the Legislature as expressed in the statute. Tillman v. Sibbles, 341 So.2d 686 (Ala.1977); and 73 Am.Jur.2d, Statutes, § 145. In arriving at a determination of legislative intent, the entire Act must be examined and construed as a whole, and, if possible, every word in it given effect. Tillman, supra. Furthermore, statutes which *772 relate to closely allied subjects may be regarded as in pari materia. State of Alabama Board for Registration of Architects v. Jones, 289 Ala. 353, 267 So.2d 427 (1972); and 73 Am.Jur.2d, Statutes, §§ 158, 187-89. It is also proper to consider the particular evils at which the legislation is aimed, and the design, motive, purpose, and subsequent actions of the Legislature. See generally 73 Am.Jur.2d, Statutes, §§ 155, 157-58.
Upon examination of the sections presently before us, it becomes apparent the Legislature intended the Act to cover the instant situation. By enacting these statutes, the Legislature was seeking to protect the public from both active and unintentional misrepresentations which could cause harm to public health, safety and property. For this reason, if we determine that use of the word “engineering” in a business name by a non-registrant is misleading, the Legislature would have intended these sections to prohibit the use of such term.
Under § 128(1), before one’s conduct becomes prohibited, he must either hold himself out or by some means tend to convey the impression that he is a professional engineer. McWhorter’s primary contention is that the mere inclusion of the term “engineering” in a business name does not connote the professional status required to come under this chapter. The fallacy in this argument, however, becomes evident upon a closer examination of the applicable Code sections.
Title 46, § 128(1), Code (1973 Supp.), provides:
Practice of engineering and land surveying regulated. — In order to safeguard life, health and property, no person in either public or private capacity shall practice or offer to practice engineering . , unless he shall first have submitted evidence that he is qualified so to practice and shall be registered by the board as hereinafter provided or unless he is specifically exempted from registration under the provisions of this chapter. It shall be unlawful for any person to practice or offer to practice in this state, engineering . . . , as defined by this chapter, or to use in connection with his name or otherwise assume, use, or advertise any title or description tending to convey the impression that he is a professional engineer . . . , unless such person has been duly registered or is exempt from registration under the provisions of this chapter. Provided, that any person whose firm name shall have contained the word “engineer,” “engineers,” or “engineering,” or words of like import, for more than fifteen years before September 12, 1966 shall not be prohibited from continuing the use of such word or words in his firm name.
This section is followed by pertinent definitions contained in § 128(2):
Definitions. — As used herein the following words and phrases shall have the following meaning unless the context otherwise requires:
[[Image here]]
(b) Engineer or professional engineer. — The term ‘engineer’ or ‘professional engineer’ shall mean a person who, by reason of his special knowledge of the mathematical and physical sciences and the principles and methods of engineering analysis and design, acquired by professional education and/or practical experience, is qualified to practice engineering as hereinafter defined, and has been registered by the board as a professional engineer.
[[Image here]]
(g) Practice and offer to practice. — A person shall be construed to practice or offer to practice engineering . . ., within the meaning and intent of this chapter, who offers to or does as a profession practice any branch of engineering .; or who by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be a professional engineer, or through the use of some other title implies that he is a professional engineer; or who represents *773 himself as able to perform or who does perform any engineering service.[2]
In trying to discern the legislative intent, several points render the conclusion inescapable that these sections, per se, condemn utilization of the term “engineering” in McWhorter’s present trade name, even without the presence of the modifying term “professional.”
1. The Act must be read and construed as a whole. Tillman, supra. In so doing, it will be noted that the terms “engineer” and “professional engineer” are used seemingly interchangeably. Also, the enforcement provisions[3] do not even mention the word “professional.” If the term “professional” was a necessary appendage of the word “engineer,” the ambit of these sections would be small indeed. Such restrictive application would prevent utilization of this Act under circumstances where it was clearly intended. The Legislature obviously did not intend its application to be so confined. Moreover, § 128(1) proscribes use of “any title or description tending to convey the impression that he is a professional engineer.” (Emphasis added.)
2. Section 218(2)(b) defines “engineer” and “professional engineer” in the same terms. If different meanings had been intended, the Legislature would not have defined the two in identical phraseology. As commonly understood, the two certainly are not synonymous; as used in the statute, however, their meanings coalesce. It is well recognized that when the Legislature defines the language it uses, its definition is binding upon the courts, even though this definition does not coincide with the ordinary meaning of the words used. See generally Sutherland, Statutory Construction, §§ 20.08, 27.02. Therefore, the two words, as used in the statute, must be deemed synonymous.
3. The entire chapter, as originally enacted, utilized the term “professional engineer” almost exclusively. See Tit. 46, §§ 129, 130, Ala.Code (1940) (Recomp. 1958). These provisions were repealed and much of the phraseology modified by the sections codified in the 1973 Code Supplement. Included within these new sections is substantial use of the terms “engineer” and “engineering” without the preceding modifying term “professional.”
When statutes are amended or replaced by succeeding legislation, the Legislature often seeks to clarify previously ambiguous provisions. These subsequent acts by the Legislature must be considered in trying to determine the intent of the legislation. 73 Am.Jur.2d, Statutes, § 178. The instant revisions evidence the legislative intent that use of the single word “engineering” is itself condemned when used by a non-registrant in his trade name.
In addition, the 1961 revision created § 128(2)(g) and, in so doing, defined the terms “practice” and “offer to practice.” 1961 Ala. Act, p. 1977. This section discloses the broad range the Act was intended to cover because it prohibits any unauthorized representation or implication that one is a professional engineer. Use of the term “engineering” in McWhorter Engineering Company at least implies that McWhorter, or an employee, is a professional engineer. See T. V. Engineers, Inc. v. District of Columbia, 166 A.2d 920 (D.C.Mun.App.1961): Louisiana State Board of Registration for Professional Engineers and Land Surveyors v. Young, 223 So.2d 437 (La.App.1969); State Board of Examiners for Architects and Engineers v. Standard Engineering Co., 157 Tenn. 157, 7 S.W.2d 47 (1928); *774 and State Board of Registration for Professional Engineers v. Wichita Engineering Co., 504 S.W.2d 606 (Tex.Civ.App.1973). Therefore, McWhorter’s use of the word “engineer” in his trade name comes within the prohibitive provisions of the statute.
4. Perhaps the most striking evidence of the intent of the Legislature can be found in the 1966 revision of § 128(1). 1966 Ala. Acts, p. 462. This modification added the grandfather clause at the end of the section. By its terms, the statute does not apply to firms which had used the words “engineer,” “engineers” or “engineering” in their names for more than fifteen years before September 12, 1966. The obvious implication of such exemption is that all other firms cannot use the listed words without first registering with the Board. There would have been no need to permit the continued use of these words unless the Legislature intended use of them, by firms not exempted, to be violative of the law regulating the practice of engineering.
Furthermore, it must be noted that McWhorter’s trade name contains no modifying or explanatory terms which could dispel its misleading character. For this reason, we do not speak to that issue. At the same time, however, we should point out that a more generic meaning could be gained by using such modifying terms. (Examples of this are “sanitation” engineer and “custodial” engineer.) When modifying or explanatory words are present, the inference of professionalism may or may not be present, and the public may or may not be misled or deceived. These, of course, would be questions properly addressed to the finder of facts. Absent such words, however, the term “engineer,” as a matter of law, necessarily implies a professional status under our statutes, regardless of the intent of the individual.
We hold that the Legislature intended a non-registrant’s use of the unmodified term “engineer” in his trade name to be a per se violation of this Act. When the Act is read as a whole, and applied to the facts here stipulated, no other conclusion is plausible. See Louisiana State Board, supra.
We turn now to McWhorter’s second contention. He argues that the statute, by preventing the use of his trade name, unconstitutionally deprives him of his freedom of speech. The cases cited in support of this proposition, however, are inap-posite in that they specifically hold that such freedom, though applicable in a commercial forum, does not protect speech which tends to be misleading. Speech that is “false, deceptive or misleading of course is subject to restraint.” Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 2708, 53 L.Ed.2d 810, 835 (1977). See also Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976). Therefore, because these statutes operate within the permissible police powers of the State and do not abridge McWhorter’s freedom of speech, the Act, on its face and as applied, does not violate any provision of the State or Federal Constitution.
“This is particularly so where . the Act does not prevent him from conducting the business in which he says that he is engaged, but only prevents him from using certain titles. Under the Act, the use of these titles is limited to those who have demonstrated to an appropriate state authority their qualifications to practice . . . engineering . . . This is a means whereby the public can be assured that those with whom they deal have met the state’s qualifications. If this be a limitation of free speech, . it is not a type of limitation prohibited by the federal constitution.” Smith v. California, 336 F.2d 530, 534 (9th Cir. 1964).
Therefore McWhorter’s use of the term “engineering” in his trade name is prohibited by the Act because it implies he is a licensed professional engineer. For this reason, so much of the trial Court’s order that imposes an injunction upon the present use of the term “engineering” in his trade name is affirmed. There is merit, however, in Appellant’s contention that the permanency of the injunction is not properly condi *775 tioned upon the failure of his future compliance with the provisions of the Act. He is not denied the right to continue his business if he continues it under a name not calculated to mislead the public; nor is he deprived of his trade name if he sees fit to qualify to practice engineering under the statutory provisions.
AFFIRMED AS MODIFIED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.
BEATTY, J., concurs specially.
TORBERT, C. J., and MADDOX and SHORES, JJ., dissent.

. § 34-11-2, et seq., Ala.Code 1975.

. § 34-11-1(2), (7), Ala.Code 1975.

. This Act carries with it both criminal and civil sanctions. Section 128(8)(d) [§ 34—11—35(d), Ala.Code 1975], under which this cause was brought, provides:
The board, for good cause, is authorized to apply for relief by injunction, without bond, to restrain any person . . from the commission of any act which is prohibited by this chapter.
Section 128(23) [§ 34-11-15, Ala.Code 1975] provides, inter alia:
Violations and penalties. — (a) Any person who shall practice, or offer to practice, engineering ... in this state without being registered or exempted . . . shall be guilty of a misdemeanor .