SHORES, Justice.
The plaintiffs, deputy sheriffs of Calhoun County, Alabama, appeal from the trial court’s denial of their petition for writ of mandamus and from a summary judgment granted in favor of the defendant Calhoun County Commission (Commission). We affirm.
On April 26, 1982, the Alabama Legislature passed Act No. 82-362 (Deputy Pay Raise Act), which provided for the minimum compensation of all deputy sheriffs in Calhoun County to be equal to that of a state trooper with equal time in grade. Section 5 of the act states:
“Section 5. This act shall become effective on October 1, 1982, provided a constitutional amendment authorizing the altering of court costs in Calhoun County is adopted prior thereto, effective and constitutional.” [Emphasis added.]
The constitutional amendment referred to in § 5 of the Deputy Pay Raise Act was proposed in the Legislature’s earlier passage of Act No. 82-171 on March 30, 1982.
An election was held on September 7, 1982, on the constitutional amendment proposed by Act No. 82-171. The proposed amendment appeared on the statewide ballot as follows:
“Proposed Amendment Number Two (2)
“Authorizes the county governing body of Calhoun County to fix, alter and regulate the costs and charges of courts in the county and the method of disbursement thereof upon approval by a majority of the voters of the county in an election called for that purpose. However, if a majority of the voters of Calhoun County participating in this election vote in favor of this proposed amendment no further election need be held. (Proposed by Act Number 82-171).”
The proposed amendment was approved by a majority of the qualified electors throughout the state voting on the amendment, but was defeated by the voters in Calhoun County. On September 22, 1982, the Governor proclaimed the results of the September 7, 1982, election, showing Proposed Amendment Number Two as having passed.
The Calhoun County deputies subsequently made demand upon the Commission for increased payment of wages and compensation in accordance with the provisions of Act No. 82-362. The Commission refused, claiming that the deputies were not entitled to a raise since the amendment was not approved by a majority of voters in Calhoun County. Specifically, the Commission contended that, since Proposed Amendment Number Two was defeated by the voters of Calhoun County, neither the amendment nor Act No. 82-362 had become “effective”; and, therefore, that the Commission lacked the authority to raise the additional revenue necessary to fund the deputies’ pay raise.
The Attorney General, in response to a request for an opinion by the Sheriff pf Calhoun County, advised that the constitutional amendment proposed by Act No. 82-171 “became effective when it was ratified by the majority of the voters in the State *85 although it was not ratified by a majority of the voters in Calhoun County.”
The Attorney General’s opinion also said:
“The election called for in the latter part of the ... proposed amendment is to be held for the voters of Calhoun County to give their approval to a change in the altering of the court costs of the county and the method of disbursing these costs. The provision further states that if a majority of the electors in the county who voted on the adoption of the amendment did in fact approve the Amendment, it is not necessary to hold the second election. However, as it has been stated, since the Amendment did not receive a favorable vote in Calhoun County another election must be held before the court costs can be altered.”
The Attorney General, however, went on to say that Act No. 82-362 mandated that the deputy pay raise go into effect upon passage of the constitutional amendment by a majority of the voters statewide, notwithstanding its failure to win approval in Calhoun County.
The deputies thereupon petitioned the Circuit Court of Calhoun County for a writ of mandamus, directing the County Commission to pay the deputies in accordance with Act No. 82-362. It is undisputed that the deputies have received no compensation under the provisions of Act No. 82-362. It is also undisputed that no election has been held in Calhoun County authorizing the County Commission to fix court costs per the constitutional amendment.
The trial court, in its judgment and order, found the question for its determination to be what the Legislature meant when it conditioned the pay raise on the amendment being adopted and effective. The court denied the deputies’ petition and granted summary judgment in favor of the Commission, stating:
“The Court is clear in its conclusion that the Legislature intended these two pieces of legislation to be tied together. Act Number 82-362 specifically refers to the adoption of an amendment such as that proposed by Act Number 82-171. The amendment is plainly designed to give the Commission a source of revenue to pay for the salary increases.
“The word ‘adopted’ has an understood meaning. It clearly is a requirement that the proposed amendment be approved by the voters of the state. It is equally clear that the amendment, even if adopted does not thereby automatically authorize the County Commission to raise the court costs to pay for the raise. Such an adjustment may only be made after it has been approved by the voters of Calhoun County.
“The question, again, is whether the Legislature intended ‘effective’ to mean that the County Commission must be authorized to fix court costs before the pay raise goes into effect. The Court concludes that it did.
“If the Legislature intended ‘effective’ to mean no more than approval by a majority of the voters in the state, the word would be redundant. To use both ‘adopted’ and ‘effective’ to mean the same thing would frustrate the plain meaning of the two Acts. The Court concludes that by inserting ‘effective’ as a precondition to the raise the Legislature intended that the electors of the County must give the County Commission the power to raise court costs before Act Number 82-362 becomes effective.”
We affirm.
Appellants argue that the language of the Deputy Pay Raise Act is clear, plain, and unambiguous and, therefore, does not require judicial construction. The deputies contend that, the language being unambiguous, the trial court erred by interpreting the term “effective” in a manner contrary to the legislative intent behind Act No. 82-362. We do not agree that the trial court’s judgment conflicts with legislative intent.
The trial court correctly observed that the pay raise bill and the amendment proposed by Act No. 82-171 must be read together. The pay raise approved by the Legislature is clearly contingent upon the *86 adoption of a constitutional amendment authorizing the Commission to raise its court costs and, thus, provide the additional revenue necessary to fund the deputies’ pay raise. The deputies do not dispute the Commission’s assertion that the estimated annual cost of the pay raise is $218,532.00, an amount unavailable to the Commission without additional revenues or the reduction of other county personnel. When the two acts are read together, it becomes obvious that the Legislature intended the pay raise to become effective only after the measure provided to fund it was approved by a majority of the voters in Calhoun County.
In fact, the Legislature has, since this appeal was filed, made its intentions in this regard abundantly clear. On July 29,1983, it approved Act No. 83-732, which amended the language of the Deputy Pay Raise Act to state:
“Section 1. Section 5 of Act No. 82-362, H. 772 of the Regular Session of 1982, is hereby amended to read as follows:
“ ‘Section 5. This Act shall become effective as provided by law when:
“ ‘(a) An amendment to the Constitution of Alabama of 1901 authorizing the altering of court costs in Calhoun County is adopted prior thereto by the voters of the State of Alabama with a majority of the votes cast in such election by the voters of Calhoun County favoring such amendment, and the result of the vote is certified and proclaimed by the Governor as provided by law; or
“ ‘(b) If such amendment is adopted by the voters of the state and rejected by the voters of Calhoun County in the elections on the amendment, this Act will become effective only if the Calhoun County Commission proposes increases in court costs and a majority of the voters of Calhoun County approve such increases in an election called for that purpose.’
“Section 2. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
It is not inappropriate to consider subsequent action of the Legislature in an effort to determine its intent. 73 Am. Jur.2d Statutes, § 178 (1974). McWhorter v. State Bd. of Registration for Professional Engineers and Land Surveyors ex rel. Baxley, 359 So.2d 769 (Ala.1978). It is now clear that the Legislature intends that the pay raise bill will become effective only if a majority of the voters in Calhoun County approve a measure increasing that county’s court costs in an election called for that purpose. This further serves to underscore the correctness of the trial court’s ruling.
Whether a court cost schedule disparate with the rest of the state may be enacted in one county without violating the equal protection clause of the federal Constitution, we do not decide, since that issue is not before us.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.