INGRAM, Justice.
Louie Thompson appeals from a judgment of the trial court denying him disability retirement benefits under the provisions of the Trinity Act, Act No. 26, 1962 Ala. Acts 37. Thompson sued the City of Montgomery (“the City”) seeking disability retirement benefits after he suffered an injury while on the job with the City’s fire department, and the City, thereafter, refused to pay Thompson Trinity Act benefits. The trial court, following a bench trial, ruled for the City.
The issue raised in this appeal is whether Thompson is entitled to receive disability retirement benefits under the provisions of the Trinity Act.
The basic facts in this case were stipulated by the parties prior to trial. Thompson had been a firefighter with the City until he suffered a back injury while fighting a house fire in March 1988. Thompson, as a direct and proximate result of injuries to his lower back, is presently disabled from performing the duties he previously performed within the fire department. However, after Thompson sustained his disabling back injury, the City refused to pay him benefits under the Trinity Act, but, rather, reassigned him to a different job within the fire department.
The Trinity Act, in pertinent part, provides for the payment of benefits to municipal employees totally disabled as a result of injuries received in the performance of their official duties.[1] The meaning of the term “totally disabled” as used in the Trinity Act was addressed by this Court in Robinson v. City of Montgomery, 485 So.2d 695 (Ala.1986). In Robinson, the plaintiff was unable to perform his previous firefighting duties as a result of a job-related injury. The City argued in that case that the plaintiff, while disabled from performing his previous firefighter duties, was not “totally disabled,” because he was still able to perform light-duty work. After reviewing the language and history of the Trinity Act, this Court, speaking through Justice Maddox, held “that the proper interpretation, i.e., the interpretation expressing the legislative intent, is that ‘totally disabled’ means ‘totally disabled to perform one’s prior job duties.’ ” 485 So.2d at 698.
The evidence in the present case is un-controverted that Thompson is permanently disabled from performing the duties and responsibilities of the job he had held with the department for approximately 18 years before his injury. However, the City argues that this Court’s interpretation of the Trinity Act in Robinson is not applicable in the present case and that it is not required to pay Trinity Act benefits to Thompson.
*42 The City contends that prior to the Robinson decision, the City had made an administrative determination that, unless an injured firefighter could perform all duties required in fire suppression, the employee was mandatorily retired from the department pursuant to the Trinity Act. Subsequent to Robinson, however, the City argues, the prior administrative determination has been changed to provide that if an injured employee of the department is medically and physically able to perform the duties of any division within the department, the employee is transferred to the other division, rather than being retired under the provisions of the Trinity Act.
The City now alleges that all personnel within the fire department, with the exception of secretaries and dispatch personnel, are designated as “firefighters” and that the designation and duties of a “firefighter” encompass all of the divisions within the fire department. Although the City concedes that Thompson, prior to his injury, had worked only in the “fire suppression” division, the City argues that Thompson was subject to being transferred to other divisions at any time. The City argues that while Thompson, as a result of his injury, has been disabled from performing some of the duties of his prior job, he can still perform some of the duties of a “firefighter,” specifically those of the position to which he was assigned after his injury. The City further argues that in order for Thompson to be entitled to Trinity Act benefits, he must be permanently disabled from performing all of the duties of a “firefighter” as the City had defined that job at the time of Thompson’s injury. We disagree.
The City of Montgomery Fire Department is comprised of myriad job positions and classifications established both by the City’s personnel board and by the fire department itself. The “firefighter” position, rather than being generic in nature, is a specific job classification with delineated duties that are set forth in the job announcement for the merit system classification of “firefighter.” The job announcement for that classification provides that the position of “firefighter” requires “sufficient physical strength, agility, and endurance to perform strenuous work under adverse and dangerous conditions,” including, but not limited to, responding to fire alarms, laying and connecting hose, raising and climbing ladders, making forcible entry into buildings, and assisting in rescuing people from burning buildings. Likewise, the position of “fire inspector,” to which Thompson was reassigned after his injury, has its own written job description, and it sets forth duties and responsibilities totally dissimilar from those of the “firefighter” job classification.
The differences between the “firefighter” position and the “fire inspector” position were further emphasized at trial through the City fire chief's testimony that the “firefighter” position in the division of fire suppression has a totally different line of progression from that of “fire inspector” in the division of codes and standards. The fire chief further testified that the training a “firefighter” receives in the division of fire suppression is of little or no value in carrying out the required duties of the “fire inspector” position, as evidenced by the fact that there are no lateral promotions from one division to the other, so that a captain in fire suppression will not be promoted or transferred to a captain position in codes and standards.
While the City may argue that the circumstances of this case are different from the facts of Robinson because all of the employees in the fire department’s six divisions are “firefighters,” we find that the evidence in the record does not support that argument. Therefore, we hold that under the clear and unambiguous language of the Trinity Act and under this Court’s interpretation of that Act in Robinson, there can be no question that Thompson has clearly met the test for entitlement to Trinity Act benefits.
This Court has consistently made it clear that the Alabama Legislature, rather than the City, has the sole authority and power to amend the Trinity Act. See Robinson v. City of Montgomery, supra. However, it is apparent that when it was unsuccessful in its efforts to have the Trinity Act *43 amended legislatively after this Court’s decision in Robinson, the City resorted to a “self-help” approach and attempted to deny systematically all Trinity Act requests and reassign injured employees to light-duty work. This it cannot do.
The judgment of the trial court is due to be reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and KENNEDY, JJ„ concur.

. A more detailed discussion of the history and purpose of the Trinity Act may be found in Robinson v. City of Montgomery, 485 So.2d 695 (Ala.1986).