YATES, Judge.
James Gordon appeals from a summary judgment of the trial court denying him disability retirement benefits pursuant to the Mobile Policemen’s and Firefighters’ Pension and Relief Fund Act. Gordon sued the Mobile Policemen’s and Firefighters’ Pension and Relief Fund Board (Pension Board) and various other Mobile city officials, seeking disability retirement benefits after he suffered an injury while on the job with the City’s fire department, and the Pension Board refused to pay Gordon disability retirement benefits. The trial court awarded summary judgment to' the Pension Board and the City. Gordon appeals.
Under Rule 56, Alabama Rules of Civil Procedure, a motion for summary judgment tests the sufficiency of the evidence, and a summary judgment is proper when the trier of fact determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Melton v. Perry County Bd. of Educ., 562 So.2d 1341 (Ala.Civ.App.1990). The party moving for a summary judgment has the burden of showing that there is no genuine issue of material fact. Rule 56, A.R.Civ.P. Factual disputes are due to be resolved by a trial court on the merits. Summary judgment is not proper if conflicting inferences can be drawn from the evidence, i.e., if reasonable men might reach different conclusions. Hood v. Alabama State Personnel Bd., 516 So.2d 680 (Ala.Civ.App.1987). Additionally, we must review the entire record in a light most favorable to the non-moving party. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987).
The dispositive issues raised on appeal are 1) whether the trial court erred in denying Gordon disability retirement benefits; and 2) whether the trial court erred in granting summary judgment to the City and the City officials.
The basic facts in this case are not in dispute. Gordon had been a firefighter with the City of Mobile for eleven years when he severely injured his knee while fighting a fire. Gordon, as a direct and proximate cause of his injury, is presently disabled from performing the duties he previously performed within the fire department. The Pension Board, however, voted that Gordon could do other work in the fire department and refused to pay him a pension under the pension and relief system for Mobile. Gordon was reassigned to a “clerical job” of answering the phone within the fire department.
The portion of the Mobile pension act relevant for this appeal is as follows:
“Section 13. (a) If any member of police or fire departments while in the performance of his duty is found and determined to be physically or mentally permanently disabled for service by reason of such service so as to render his retirement necessary, the board shall make the necessary orders and shall retire such disabled member from service. ...”
Act No. 85-938, Regular Session, 1985 Ala. Acts.
Gordon argues that the meaning of the term “permanently disabled” as used in the Act means unable to perform his previous firefighting duties as a result of his job-related injury. The Pension Board argues that Gordon was not “permanently disabled,” because he was still able to perform light-duty work. The Pension Board relies on Tillman v. Sibbles, 341 So.2d 686 (Ala.1977), wherein the Alabama Supreme Court interpreted the language of the above act to mean that a fireman does not qualify for a pension if he is able to perform light duties.
Notwithstanding Tillman, recent decisions from the supreme court interpreting-disability retirement benefit acts such as the above, make it clear that disabled means “disabled to perform one’s prior job duties.” *801 Thompson v. City of Montgomery, 594 So.2d 40, 41 (Ala.1991); Robinson v. City of Montgomery, 485 So.2d 695 (Ala.1986). The supreme court in both Thompson and Robinson were interpreting the Trinity Act which reads in pertinent part: “Any employee ..., who is totally disabled as a result of an injury received while in the performance of his field duties ...” Act No. 233, Regular Session, 1951 Ala. Acts. The supreme court in Robinson held that disability applied to the disability to perform one’s previous job, not any job. We are bound to follow the latest opinion of the supreme court. Ala.Code § 12-3-16, 1975. Therefore, we use Robinson and Thompson as authority to hold that the “permanently disabled” language of the act means “totally disabled to perform one’s pri- or job duties.”
We feel compelled to point out that, notwithstanding this court’s determination of what is meant by permanently disabled in this case, Tillman further held that a reassignment must be made to a lawful position. Here, there is evidence in the record that Gordon’s reassignment was not to a lawful position. Bernard Richardson, the director of the personnel board, testified through affidavit:
“... The job of ‘telephone answerer’ has never been a legitimately recognized assignment within the Fire Department. Furthermore, a telephone operator’s job on a permanent basis is not the same grade and classification or at the same pay as that of a firefighter.”
Gordon also testified through affidavit that the Mobile Fire Chief, L.J. Freeman, ordered him to sit in a room and “answer a telephone or not answer it.” This evidence makes summary judgment in the instant case inappropriate, given the trial court’s reliance on Tillman.
The trial court granted summary judgment, finding that the individual members of the pension board and various city officials were protected by certain immunity doctrines. Gordon asserts this finding to be in error. If we determine, however, that the pension board and the other city officials acted within their authority and did so in good faith, then they should be protected by the appropriate immunity doctrine. Smith v. Arnold, 564 So.2d 873 (Ala.1990). The pension board followed the advise of counsel and applied the law of Tillman in voting to deny Gordon’s disability. There was no evidence presented that the other city officials acted outside their authority. The trial court’s determination concerning the applicability of the immunity doctrine to the facts at hand is affirmed.
Accordingly, we reverse the trial court’s order of summary judgment concerning Gordon’s disability, and remand that issue to the trial court for further proceedings based on the Pension Board’s determination that Gordon was not entitled to disability retirement benefits. The holding of the trial court that the pension board and the city officials were immune is affirmed.
In view of our disposition of this case, we pretermit a discussion of the other issues raised on appeal.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS.
ROBERTSON, P.J., concurring in result only.
THIGPEN, J., concurring in part and dissenting in part.