YATES, Judge.
Randall Van Prewitt appeals from a summary judgment denying him disability status and compensation benefits pursuant to the Mobile Policemen’s and Firefighters’ Pension and Relief Fund Act (“the Act”). It is undisputed that Prewitt was injured while performing his duties as a firefighter. After his injury, Prewitt applied for, and was denied, a disability retirement through the Mobile Policemen’s and Firefighter’s Pension and Relief Fund Board (“Pension Board”). He then appealed that decision and sued the Pension Board and the Personnel Board for Mobile County (“Personnel Board”), contending that he should be retired from service as a firefighter and awarded permanent disability retirement status and, further, that the work assignments he had been given since his injury were outside his classification as a firefighter. The trial court entered a summary judgment in favor of the Pension Board and granted Prewitt’s motion for injunctive relief, ordering that, “[T]he City is hereby permanently enjoined from transferring [Prewitt] to any position in violation of the Personnel Board Rules and Regulations.”
A motion for summary judgment tests the sufficiency of the evidence, and a summary judgment is proper when the trier of fact determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Under Rule 56, the movant has the burden of showing that there is no genuine issue of material fact; factual disputes are to be resolved by the trial court on the merits. A summary judgment is not proper if conflicting inferences can be drawn from the evidence. Hood v. Alabama State Personnel Bd., 516 So.2d 680 (Ala.Civ.App.1987). Additionally, this court must review the entire record in a light most favorable to the nonmoving party. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987).
The issues on appeal are 1) whether the trial court erred in denying Prewitt’s retirement disability benefits and 2) whether Prewitt had been unlawfully reclassified in violation of the law and the rules of the Personnel Board. The portion of the Act relevant to this appeal is as follows:
“Section 13. (a) If any member of police or fire departments while in the performance of his duty is found and determined to be physically or mentally permanently disabled for service by reason of such service so as to render his retirement necessary, the board shall make the necessary orders and shall retire such disabled member from service_”
Act No. 85-938, Second Special Session, 1985 Ala. Acts.
In August 1990, after approximately 16 years of service as a firefighter, Prewitt slipped and fell, suffering a torn rotator cuff in his shoulder. In January 1991, Prewitt returned to work. Chief Edward A. Berger assigned Prewitt to a number of various positions within the fire department. Prewitt was placed in the bureau of fire prevention for approximately two months to “fill in” on the clerical staff. He was then transferred to the communication division for approximately one year, where his job was to enter street location data into a computer. Specifically, he was verifying addresses for the 911 emergency system. Prewitt was then transferred to the bureau of fire prevention, where he worked in public education for approximately eight months, travelling to schools to educate children about fire prevention. He was then transferred back to the communication division because the dispatchers’ unit was “short-handed.” Chief Berger testified that Prewitt was moved from dispatch on a recommendation from Prewitt’s supervisor, who reported that Prewitt was creating stress and that he was not trying to learn. Prewitt then was transferred to the *225 training division to help train firefighters. He contends that the transfers were a de facto reclassification under the Personnel Board rules and that he is working out of his class. It is undisputed that at all times following his injury, Prewitt has been classified as a firefighter and that he has been paid under that classification. He argues that, pursuant to the Act, when a firefighter can no longer work in a combat role, retirement is necessary.
Prewitt cites our decision in Gordon v. Mobile Policemen’s and Firefighters’ Pension & Relief Fund Board, 641 So.2d 799 (Ala.Civ.App.1993), in support of his position. However, in that case we noted, “We feel compelled to point out that ... a reassignment must be made to a lawful position. Here, there is evidence in the record that Gordon’s reassignment was not to a lawful position.” Id. at 801. Gordon had been relegated to sitting in a room and answering a telephone; there was testimony that that job had never been a legitimately recognized assignment within the fire department. Unlike Gordon, Prewitt was assigned to a clerical position for a few months while continuing to undergo therapy and before he reached maximum medical improvement on August 29, 1991. Further, there was testimony at the February 1992 Pension Board hearing that Prewitt’s job in the communication division was a vital function to public safety. There was testimony at the January 1998 Personnel Board hearing that Prewitt’s job in public education was a “vital function of a modern fire department.” Prewitt himself testified at the November 1993 Pension Board hearing that his work in the training division benefits the department.
Next, Prewitt contends that his reassignment was an unlawful reclassification in violation of the Personnel Board rules, arguing that because he can no longer work in a combat role, his retirement is necessary. We disagree; Prewitt’s reassignment duties fall within the scope of his job classification. The job description of firefighter as adopted by the Personnel Board on October 6, 1992, is as follows:
“EXAMPLES OF WORK: (Any one position may not include all of the duties listed nor do the listed examples include all tasks which may be found in positions of this class.) At the scene of fires, lays and connects hose ... raises and climbs ladders ... may serve in the capacity of a Firefighter-Driver as needed; participates in fire drills ... cleaning and polishing apparatus ... inspects buildings and premises for compliance with fire laws ... aids in the investigation of arson cases when assigned to fire prevention activities ... cuts grass ... studies the latest techniques in fire suppression ... performs related work as required.”
(Emphasis added.) Chief Berger testified that the fire department has been a “multifunctional, emergency response agency,” concentrating on preventing emergencies. Given Chief Berger’s testimony, along with the above description of work to be performed by a firefighter, the duties assigned to Prewitt since his injury clearly fall within the category of “related work” required of a firefighter. We conclude that Prewitt was not “reclassified” and that the denial of his application for a retirement disability pension was proper.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.