WRIGHT, Retired Appellate Judge.
Kenneth L. Simon sued both the City of Montgomery and the Fire Department of the City of Montgomery, seeking workers’ compensation benefits and benefits under the Trinity Act, Act No. 26, Ala. Acts 1962 (Special Session). The City and the Fire Department answered, asserting that the Trinity Act is unconstitutional. Following oral proceedings, the trial court entered a judgment, finding that Simon had sustained a compensable neck injury, but that Simon’s knee injury was not compensable. The trial court determined that Simon had a 12% permanent partial impairment and a 12% loss of earning capacity as a result of his neck injury. The trial court further found that Simon is unable to perform the job duties of a firefighter and that under the Trinity Act, Simon is totally disabled. The trial court awarded benefits accordingly. The City and the Fire Department filed a motion to alter, amend, or vacate the judgment. The trial court entered an amended order, correcting the benefits awarded to Simon.
The City and the Fire Department appeal, asserting that the trial court erred in awarding Simon benefits under the Trinity Act and that the Trinity Act is unconstitutional.
The Trinity Act, Act No. 26, Ala. Acts 1962 (Special Session), provides for the payment of benefits to municipal employees who are totally disabled as a result of injuries received in the performance of their official duties. Thompson v. City of Montgomery, 594 So.2d 40 (Ala.1991). The term “totally disabled” under the Trinity Act means “totally disabled to perform one’s prior job duties.” Robinson v. City of Montgomery, 485 So.2d 695, 698 (Ala.1986).
The City and the Fire Department contend that Simon is not “totally disabled” under the Trinity Act, because, they say, Simon is able to work in his landscaping business and because there are no objective findings to support Simon’s complaints.
The record reveals the following pertinent facts: In March 1993, Simon began working for the City as a firefighter. He sustained a knee injury in April 1993. Simon received treatment and returned to work. On April 21, 1995, Simon was fighting a fire in a building when the roof collapsed. Falling debris struck Simon *1012 around the head and neck and pinned him to the floor. Simon testified that he had a headache, which he thought was normal and would go away. Within two days of the fire, Simon became faint at work and was taken to a doctor. Simon was told that he had two ruptured discs, C-6 and C-7, and that he needed surgery. He delayed the surgery until November 1995, when he could no longer endure the pain.
Initially, after his surgery, Simon was placed on light duty. He complained of numbness in his arms and legs, headaches, and pain radiating down his spine. Thereafter, Simon’s treating doctor sent him for a functional capacities evaluation, which revealed Simon had problems with overhead lifting and that he did not meet the criteria for a firefighter. Simon’s doctor was shown a videotape of Simon performing manual labor in his landscaping business. He opined that Simon’s actions were inconsistent with his functional capacities evaluation. However, the videotape was taken several months before Simon’s functional capacities evaluation. Simon’s doctor stated that the functional capacities evaluation revealed that Simon put forth maximum effort on the test and that he was not feigning pain or his inability to lift over his head. He also admitted that Simon showed great strength in pushing or pulling at waist level, but could not lift over his head. The record is devoid of any evidence that Simon meets the physical criteria for a firefighter. At the time of trial, Simon worked for the Fire Department in a light-duty capacity and had not been reassigned to .full duty.
Based upon our review of the record, we conclude that the trial court correctly determined that Simon is “totally disabled” under the Trinity Act.
The City and the Fire Department also contend that the Trinity Act is unconstitutional. However, they never served the attorney general with notice, pursuant to § 6-6-227, Ala.Code 1975, that they were challenging the constitutionality of a legislative act. Service on the attorney general is mandatory and jurisdictional. Barger v. Barger, 410 So.2d 17 (Ala.1982). If the party challenging the constitutionality of a statute or act fails to serve the attorney general with notice, the trial court has no jurisdiction to decide the constitutional claim, Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985), and this court is also without jurisdiction to decide the issue. Smith v. Lancaster, 267 Ala. 366, 102 So.2d 1 (1958).
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., concur specially.