COBB, Chief Justice.
Archer Western Contractors, Ltd. (“Archer Western”), appeals from the trial court’s amended judgment, based on the trial court’s granting of the motion of Benise-Dowling & Associates, Inc. (“Benise-Dowling”), to amend the original judgment. We reverse and remand.

Facts and Procedural History

Archer Western was the general contractor on a project to construct a building (“the RSA tower”) in Mobile in 2005.[1] In March 2005, Archer Western entered into a subcontract (“the subcontract”) with Benise-Dowling for work to be performed in the construction of the RSA tower. The subcontract provided that it was to be “governed by the laws of the State of Georgia.” The subcontract also provided that disputes arising out of the contract “shall be submitted to the court ... where the project is located or where [Archer Western’s] principal place of business is located.” Archer Western’s principal place of business is in Georgia, as is Benise-Dowling’s principal place of business.
After Benise-Dowling began work on the RSA tower, a dispute arose between it and Archer Western. On May 5, 2008, Benise-Dowling sued Archer Western and its bonding company, Travelers Casualty and Surety Company,[2] in the Mobile Circuit Court. Benise-Dowling alleged in its complaint that Archer Western had failed to pay Benise-Dowling $886,786 for work Benise-Dowling says it performed under the subcontract.
The parties proceeded with discovery, and, on August 22, 2008, Archer Western moved for a summary judgment on the ground that Benise-Dowling was a foreign corporation and that, at the time it started work on the RSA tower, Benise-Dowling had not been authorized by the secretary of state to transact business in Alabama as *1218 required by § 10-2B-15.01(a), Ala.Code 1975.[3] Therefore, Archer Western contended, pursuant to § 10-2B-15.02(a), Ala. Code 1975, Benise-Dowling was barred from suing on the subcontract in Alabama.
Archer Western argued alternatively that § 34-8-1 et seq., Ala.Code 1975, required Benise-Dowling to be licensed in Alabama to perform work as a contractor. According to Archer Western, Benise-Dowling was not properly licensed during two separate and allegedly relevant periods. Therefore, Archer Western contended, Benise-Dowling was barred from suing on the subcontract and the subcontract was void. Benise-Dowling filed a brief in opposition to the motion, accompanied by exhibits.
On September 26, 2008, the trial court entered the following order:
“Motion for summary judgment pursuant to Rule 56[, Ala. R. Civ. P.,] filed by Archer Western ... is hereby granted. [Sjummary judgment [is] entered in favor of defendants, dismissing claims against them. Each party to bear its own costs.”
On October 21, 2008, Benise-Dowling filed a motion pursuant to Rule 59, Ala. R. Civ. P., to alter, amend, or vacate the summary judgment. In that motion, Benise-Dowling argued various substantive reasons for its contention that the summary judgment had been improperly granted. In the alternative, Benise-Dowl-ing asked the trial court to alter or amend the summary judgment to specify that the summary judgment dismissing Benise-Dowling’s claims was “without prejudice to the rights of [Benise-Dowling] to file suit in a jurisdiction other than Alabama.” Archer Western filed a brief in opposition to Benise-Dowling’s motion to amend.
On November 14, 2008, the trial court entered an order granting Benise-Dowl-ing’s motion to alter, amend, or vacate insofar as it sought a clarification that the claims were dismissed without prejudice to Benise-Dowling’s request to file an action in a jurisdiction other than Alabama. On the same day, the trial court entered the following order:
“Motion for summary judgment pursuant to Rule 56[, Ala. R. Civ. P.,] filed by Archer Western ... is hereby granted. Summary judgment entered in favor of defendants, dismissing claims against them without prejudice, except to the filing in the State of Alabama of a subsequent action on the same claims. Each party to bear its own costs.”
On November 14, 2008, Archer Western appealed from the judgment as so amended.

Analysis

The single issue in this appeal is whether the trial court erred in amending its judgment to specify that the judgment was “without prejudice, except to the filing in the State of Alabama of a subsequent action on the same claims.”[4] More specif *1219 ically, we are called upon to determine whether the trial court erred in determining that the judgment was “without prejudice” outside Alabama; the effect of the trial court’s judgment in Alabama is not properly before us in this case. Archer Western makes no argument that the trial court erred in dismissing Benise-Dowling’s claims with prejudice to the filing of another action on the same claims in Alabama. Moreover, Benise-Dowling did not appeal from the amended summary judgment. In fact, Benise-Dowling’s motion to amend expressly requested the trial court to amend the judgment to specify that the judgment was “without prejudice to the rights of [Benise-Dowling] to file suit in a jurisdiction other than Alabama” (emphasis added), and the trial court granted that relief. See State Farm Mut Auto. Ins. Co. v. Humphres, 293 Ala. 413, 418, 304 So.2d 573, 577 (1974) (“[A] party may not avail himself of error, if any, into which he has led the court; that is called invited error.” (citing Dixie Highway Express, Inc. v. Southern Ry., 286 Ala. 646, 244 So.2d 591 (1971), and Thompson v. Magic City Trucking Serv., 275 Ala. 291, 154 So.2d 306 (1963))).
As to the effect of the trial court’s judgment in jurisdictions other than Alabama, the parties disagree. They offer competing arguments regarding the construction of various Alabama statutes. They also press competing theories as to whether the Alabama Legislature intended for those statutes, the public policies underlying them, and judgments entered in accordance with them to be followed in other jurisdictions. However, the extraterritorial effect of an Alabama court’s judgment is not determined by Alabama statutes, the intent of the Alabama Legislature, or the public policy of Alabama. Alabama’s legislature and its courts simply do not have the authority to direct other jurisdictions as to what effect those jurisdictions must give the judgments and laws of our State. See Thomas v. Washington Gas Light Co., 448 U.S. 261, 271, 100 S.Ct. 2647, 65 L.Ed.2d 757, (1980) (plurality opinion) (“To vest the power of determining the extraterritorial effect of a State’s own laws and judgments in the State itself risks the very kind of parochial entrenchment on the interests of other States that it was the purpose of the Full Faith and Credit Clause and other provisions of Art. IV of the [United States] Constitution to prevent. See Nevada v. Hall, 440 U.S. 410, 424-25 [(1979)].”).
Rather, the effect another jurisdiction ought to give the judgment in this case is determined by principles of comity and public policy, and, if that other juris *1220 diction is one of our sister states, by the United States Constitution and federal law.[5] Under these principles and authorities, the power of an Alabama court to determine the effect of an Alabama judgment is limited solely to the authority to prescribe the effects of that judgment in our own State. Thomas, 448 U.S. at 271, 100 S.Ct. 2647 (“[I]n effect, by virtue of the full faith and credit obligations of the several States, a State is permitted to determine the extraterritorial effect of its judgment; but it may only do so indirectly by prescribing the effect of its judgments within the State.” (emphasis added)).
Therefore, in amending its order, the trial court granted relief that was beyond its authority to grant. In so doing, the trial court exceeded its subject-matter jurisdiction. Ex parte Culbreth 966 So.2d 910, 911-12 (Ala.2006) (‘“Jurisdiction is “[a] court’s power to decide a case or issue a decree.” .... In deciding whether [a ... ] claim properly challenges the trial court’s subject-matter jurisdiction, we ask ... whether the trial court had the [requisite] constitutional and statutory authority....’ ” (quoting Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006))). In matters of subject-matter jurisdiction, we are not limited by the arguments of the parties. Rather, we are obligated to address the absence of subject-matter jurisdiction ex mero motu. See Crutcher v. Williams 12 So.3d 631, 635 (Ala.2008); and Ex parte Smith, 438 So.2d 766, 768 (Ala.1983) (“[I]t is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” (citing City of Huntsville v. Miller, 271 Ala. 687, 688, 127 So.2d 606, 608 (1958))).
Because the trial court exceeded its jurisdiction in amending its judgment in response to Benise-Dowling’s motion to amend to provide that its judgment was without prejudice to Benise-Dowling’s right to bring an action in a jurisdiction other than Alabama, we reverse the amended judgment of the trial court and remand the case. See Crutcher, 12 So.3d at 635 (“ ‘[I]t would amount to usurpation and oppression for a court to interfere in a matter over which it has no jurisdiction, and its pronouncements in respect thereto would be without force, and its decrees and judgments would be wholly void. This is a universal principle, as old as the law itself.’ ” (quoting Wilkinson v. Henry, 221 Ala. 254, 256, 128 So. 362, 364 (1930))).
The trial court is directed to vacate its amended judgment on remand, and the court’s original summary judgment should be reinstated on remand.
REVERSED AND REMANDED.
*1221 STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
LYONS and WOODALL, JJ., dissent.

. "RSA" is an abbreviation for “Retirement Systems of Alabama.”

. Travelers Casualty and Surety Company is not a party to this appeal. Therefore, we do not discuss Travelers' involvement in the case.

. Sometime after it began work on the RSA tower, Benise-Dowling obtained a certificate of authority, although the parties dispute whether that certificate was related to the subcontract.

. Contrary to Benise-Dowling's arguments, § 10-2B-15.02(a), Ala.Code 1975, does not preclude the courts of this state from exercising jurisdiction over actions brought by unauthorized foreign entities transacting business in Alabama for the purpose of enforcing their contracts. See § 10-2B-15.02(a), Ala.Code 1975 (“All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation.” (emphasis added)); Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So.2d 1177, 1182 (Ala.2006) (“Where ‘the trial court ha[s] no subject-matter jurisdiction, [it has] no alternative but to dismiss the action.’
*1219 ‘ “Any other action taken by a court lacking subject matter jurisdiction is null and void.” ’ " (quoting other cases)); McWhorter v. State Bd. of Registration for Prof'l Eng’rs & Land Surveyors ex rel. Baxley, 359 So.2d 769, 771 (Ala.1978) ("In arriving at a determination of legislative intent, the entire Act must be examined and construed as a whole, and, if possible, every word in it given effect.” (citing Tillman v. Sibbles, 341 So.2d 686 (Ala.1977))).
Also contrary to Benise-Dowling’s arguments, § 34-8-1 et seq., Ala.Code 1975, does not preclude the courts of this state from exercising jurisdiction over this action. Benise-Dowling points to no provision in § 34-8-1 et seq., or to any other law, that would deprive Alabama courts of subject-matter jurisdiction, and we have found no such law. See Ala. Const. 1901, Art. VI, § 142(b) (providing that the circuit courts of this state "shall exercise general jurisdiction in all cases except as may otherwise be provided by law " (emphasis added)); see also Ala.Code 1975, § 12-2-7 (“The Supreme Court shall have authority [t]o exercise appellate jurisdiction coextensive with the state, under such restrictions and regulations as are prescribed by law....").

. See U.S. Const., Art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.”); 28 U.S.C. § 1738 (directing that the properly authenticated acts and judgments of any state "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken”); Baker v. General Motors Corp. 522 U.S. 222, 233, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998) ("A court may be guided by the forum State’s 'public policy' in determining the law applicable to a controversy. See Nevada v. Hall, 440 U.S. 410, 421-24 (1979). But our decisions support no roving 'public policy exception' to the foil faith and credit due judgments.” (citing Estin v. Estin, 334 U.S. 541, 546, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948); and Fauntleroy v. Lum, 210 U.S. 230, 237, 28 S.Ct. 641, 52 L.Ed. 1039 (1908))); Martin v. Robbins, 628 So.2d 614, 618 (Ala.1993) ("The doctrine of comity is ... a principle of courtesy by which the courts of one jurisdiction will give effect to the laws and judicial decisions of another jurisdiction merely out of deference and respect." (citing State ex rel. Speer v. Haynes, 392 So.2d 1183 (Ala.Civ.App.1979))).